[No. 771.]

## EX PARTE PETER LARKIN.

CONTINUANCE OF, CRIMINAL CASE FOR THE TERM—SECTION 2207 COMPILED LAWS.—In construing section 582 of the criminal practice act: *Held*, that the fact that a disastrous fire had occurred destroying the court-house and so much of the city of Virginia as to render it impossible for the court to find a suitable room in which to meet, was sufficient to authorize the court to continue the trial of causes for the term.

IDEM.—Courts usually require, and ordinarily should require, a showing to be made by affidavits, in order to continue causes for the term, when such continuance is objected to by either party; but when a condition of affairs exists that is notorious, and about which, from its very nature, there could be no conflict, the court is authorized, of its own motion, to continue the causes for the term. (*Ex Parte Stanley*, 4 Nev. 116, affirmed.)

SETTING CAUSES FOR TRIAL DURING THE TERM.—The regulation of the business of the term is a matter exclusively within the control of the judge, and cannot be interfered with by this court upon a writ of *habeas corpus*.

SECTION 582 OF CRIMINAL PRACTICE ACT CONSTRUED.—Section 582 of the criminal practice act (1 Comp. L. 2207) is intended to prevent arbitrary, willful or oppressive delays; and whenever this appears to be the case, the defendant is entitled to be discharged.

HABEAS CORPUS before the Supreme Court.

The facts are stated in the opinion.

*Louis Branson and L. T. Cowie*, for Petitioner.

I. No showing was made, and no reason, in fact, given for either of the orders made by the court adjourning the hearing of the case.

II. The record in this case does not show that the destruction of the indictment by fire, or the sickness of the district attorney, were in fact the causes or reasons that moved the mind of the court to make the orders, nor were they the real reasons, in fact, which lay at the foundation of the orders.

III. The cause not having been tried at the October term, and no showing made, and no reason in fact existing for the order of October 28, the district court had but one duty to perform—to dismiss; and having refused to do this, the prisoner's right to be discharged from custody became absolute and unequivocal.

IV. The orders of the court being on their face void, the record cannot be helped by proving facts not judicially established at the time of the making of the orders, and which might or might not have entered into the consideration of the court at the time of making the orders complained of, and which have not been shown to have entered into the mind of the court, either by "showing," or of the court's own knowledge. In support of these views counsel cite Comp. Laws, secs. 1058, 1684, 2207; Whart. Am. Laws, secs. 2922, 2923; 1 Archibald, 566, 572; *Commonwealth* v. *Phelps*, 16 Mass. 425; *Ex parte Stanley*, 4 Nev. 113; *Green's Case*, 1 Rob. 731.

*J. R. Kittrell, Attorney-General, and Lindsay & Dickson,* for the State.

By the Court, HAWLEY, C. J.:

Petitioner having been indicted at the June term, A. D. 1875, of the district court in Storey county, and not having a trial at the next term of the court, asks to be discharged from custody in pursuance of section 582 of the criminal practice act, which provides: "If a defendant, indicted for a public offense, whose trial has not been postponed upon his application, be not brought to trial at the next term of the court at which the indictment is triable, after the same is found, the court shall order the indictment to be dismissed, unless good cause to the contrary be shown." (1 Comp. L. 2207.)

It was argued by counsel for the state that this question could not be raised upon *habeas corpus*, and it was so decided in *Ex parte Walton* (2 Whart. 501), upon the ground that the power to dismiss is confined to the court in which the indictment is pending. But in *Green* v. *The Commonwealth* (1 Robinson, 731), it was held by a majority of the judges, in construing a similar statute, that as the prisoner was entitled by law to his discharge, and as the court below had failed to make the order, the prisoner was entitled upon *habeas corpus* to be discharged from bail, and it was so ordered. As we are of opinion that petitioner is not entitled to his

discharge upon the facts presented, it is unnecessary to determine this question, and we therefore, for the present, waive it.

Petitioner was indicted on the 16th day of September, 1875, arraigned on the 17th, and entered his plea of not guilty on the 20th of the same month, when the further hearing of said cause was continued until the October term. On the 12th of October the cause was called for trial, and after two days of unsuccessful efforts to obtain an impartial jury the cause was continued until the 18th of October, when, by the consent of the respective parties, it was continued until the 6th of December, 1875. So far, it is admitted that the court proceeded with all due and reasonable dispatch in order to give the defendant a speedy trial.

On the 28th day of October, 1875, the court met, and after reciting the fact that the court "having adjourned on the 25th day of October, A. D. 1875, until the 26th day of October, A. D. 1875, at the hour of 10 o'clock A. M., and at said day and hour the court being unable to meet by reason of the fire which consumed the court-house and court-room, now, at this date, * * * being as soon a time as the court could meet, and as soon a time as a suitable place could be obtained after the said fire, the court meets at number sixty-six South C street, in the city of Virginia, county of Storey and state of Nevada," the minutes of the court show that orders were made providing for the substitution of papers and pleadings in the place of originals that were destroyed by the fire. After which the following orders, that are objected to by petitioner, appear:

"IN THE MATTER OF VACATING ORDERS, ETC.

"On motion of W. E. F. Deal, Esq., the members of the bar consenting thereto, it is ordered by the court that all orders heretofore made by the court at this, the October, term of said court, setting causes for trial, be vacated, and the same are hereby vacated and set aside. Louis Branson, Esq., attorney for defendant in the cause of the *State of Nevada* v. *Peter Larkin*, excepts to said order, continuing said cause, on the part of said defendant."

"IN THE MATTER OF CONTINUING CAUSES, ETC.

"On motion of Jonas Seeley, Esq., the members of the Storey county bar consenting thereto, it is ordered by the court that the trial of all causes at this term of said court (except on stipulation) be and the same are hereby continued until the January term, A. D. 1876, of this court."

"IN THE MATTER OF EXCUSING TRIAL JURORS.

Now, it appearing to the court, that there is no more use for trial jurors at this term, it is ordered by the court that all trial jurors at this term be, and the same are hereby excused for the term. Louis Branson, Esq., excepts to said order on the part of Peter Larkin, the defendant, in the cause of the *State of Nevada* v. *Peter Larkin*."

Upon the same day an order was made requiring the county commissioners to provide a suitable room for the court to hold its meetings in.

The fact that a disastrous fire had occurred, destroying the court-house and so much of the city of Virginia as to render it impossible for the court to find a suitable room in which to meet, was, in our judgment, sufficient to authorize the court, in the exercise of its sound discretion, to make said orders. Recognizing the unsettled condition of affairs after such a fire, the members of the bar, with but one exception, consented to said orders being made, considering, as they doubtless did, that a public necessity existed therefor.

The cause which induced the court to make said orders was not, as is alleged in the petition, "for the personal convenience of the court." The orders were made in consequence of a great public calamity that had befallen the city, and in obedience to the wishes of the members of the bar, who were sufferers by the fire, and were evidently made to promote—not to hinder—the interests of public justice. The petitioner is not in a condition to complain. If he has endured hardships by being so long incarcerated in the county jail, it was by no oppressive act or fault of the district court; but was incident to his situation and to the

chaotic condition of affairs existing in Virginia City after said fire.

The objection of petitioner's counsel was not, however, so much that the facts did not justify the orders as that there was no showing made by the prosecution; no affidavit for continuance. This position is alike untenable. The fact of the fire, the destruction of the court-house and court-room, was as well known to the judge as if it had been presented by affidavits from every resident of the city; that there had been such a fire was a matter of ocular demonstration and needed no proof. Courts usually require, and ordinarily should require, a showing to be made by affidavits in order to continue causes for the term when such orders are objected to by either party; but when a condition of affairs exists that is notorious, and about which, from its very nature, it is apparent there could be no conflict, it would be an idle ceremony to require affidavits setting forth the existence of such fact in order to authorize the court to act.

Suppose that when court is in session a fire breaks out in the building and is witnessed by the judge, would any one question his authority to adjourn court of his own motion until the danger was over, without requiring an affidavit showing that the building was on fire? In such a case would it not be absurd to declare that the judge could not act upon his own knowledge?

In the present case, the facts being necessarily known to the judge, no proof was required.

In *Ex parte Stanley* this court decided that the district court, after making an unsuccessful effort to obtain a jury at one term, had the right upon its own knowledge of the fact to continue the cause until the next term, if at such a term a trial could probably be had. (4 Nev. 116.)

We think the court was fully justified in making the orders it did, and that the records of the court show good cause for continuing the case for the term and for refusing to discharge the defendant from custody.

The orders made at the January term, A.D. 1876, passing petitioner's case when called, and giving time to the prose-

cution until the 21st day of February, A. D. 1876, to make proof "of the destruction and loss of the indictment in said cause as a predicate upon which to move the court for a *nolle prosequi* in said action, for the purpose of resubmitting said cause to the present grand jury for their consideration," cannot be reviewed. The cause was not continued for the term, and we are satisfied that the regulation of the business of the term is a matter exclusively within the control of the judge and cannot be interfered with by this court, certainly not in this proceeding.

It is a well-settled legal principle that every defendant, held on a criminal charge by indictment, is entitled to a speedy trial, and this right should never be denied; but it does not necessarily follow that such trials are to be had regardless of the public condition of affairs that exists where the court is held. Ordinarily, the defendant is entitled to his trial as soon as it can properly be reached in its regular order upon the calendar, and the prosecution has had a reasonable time to prepare for the trial; but unforeseen events are liable to occur, making it absolutely necessary for a court to continue cases, even on its own motion; and whenever such events do occur, and the necessity for such order is clearly apparent, its power to so continue the case is undoubted.

Section 582 of the criminal practice act is intended to prevent arbitrary, willful or oppressive delays; and whenever this appears to be the case, the defendant is entitled to be discharged. In this case there is no ground for any imputation whatever against the court.

The petitioner is remanded.