## EX PARTE LOWRIE.

HABEAS CORPUS—PROSECUTION POSTPONING TRIAL.—A defendant in a criminal action who is not brought to trial at the next term of court after the finding of the indictment and at which it is triable, and whose trial has been postponed against his wish, is not entitled as a matter of right to be discharged on his own recognizance under Sec. 465 of the Code of Criminal Procedure of Utah Territory.

PETITION for discharge on a writ of *habeas corpus*. The facts are stated in the opinion of the court.

*Mr. E. B. Critchlow*, for the petitioner.

*Mr. W. H. Dickson*, contra.

BOREMAN, J.:

It appears that on or about the fifteenth of November, 1884, the petitioner was arrested upon a criminal complaint charging him with the crime of enticing females of previous chaste character into a house of prostitution.

After hearing, he was by the magistrate committed to await the action of the grand jury, and, in default of bail, was sent to jail.

By the next grand jury, on the twenty-first of February, 1885, he was indicted and warrant issued. On the twenty-seventh of February he was arraigned and pleaded "not guilty," and demanded to be put immediately upon trial. The cause was continued to the fourteenth day of March following, but was not reached when the day for the trial of civil cases arrived. The civil cases occupied all the residue of the February term.

At the April term following, the trial of the case was set for the twenty-first of April. On the last named day, the counsel for the people asked and obtained continuance until the twenty-ninth day of April, on account of the absence of witnesses. The cause was reached on the fourth of May, and again the counsel for the people moved for a further continuance, on the ground of the absence of witnesses. The petitioner objected, and asked that the cause be set for trial at a later date in the same (April) term. The court granted the motion of the counsel for the people.

The petitioner then asked to be discharged upon his own recognizance, but it was refused. His bail, however, was reduced to five hundred dollars. The matter now comes to this court ·upon a writ of *habeas corpus*, for the discharge of the petitioner on his own undertaking of bail to appear at the next term of the third district court.

The petition alleges that certain criminal cases were tried at the February term, 1885, after his indictment; that five of the six cases tried were those where the defendants were at large on bail. At the hearing, it appeared that these cases had been called and regularly set for trial before the indictment of the petitioner had been filed. It was admitted at the hearing, also, that the prosecuting officers had been guilty of no negligence.

In order to understand fully this case, it is proper to refer to two sections of the criminal procedure act: Laws of Utah, 1878, p. 162.

"Sec. 464. The court, unless good cause to the contrary

is shown, must order the prosecution or indictment to be dismissed in the following cases:

"1.   (Has reference to failure to indict, and is not material on this point.)

"2. If a defendant, whose trial has not been postponed upon his application, is not brought to trial at the next term of the court in which the indictment is triable, after it is found.

"Sec. 465.   If the defendant is not indicted or tried, as provided in the last section, and sufficient reason therefor is shown, the court may order the action to be continued from term to term, and in the meantime may discharge the defendant from custody on his own undertaking of bail for his appearance to answer the charge at the time to which the action is continued."

The question at issue hinges upon the construction to be given to the word *may* in the latter part of said section 465, the petitioner claiming that it should be construed *shall*, so that the section should read, "and in the meantime *shall* discharge the defendant," etc.

The supreme court of the United States states the rule in cases of this character to be that where power is given to public officers—in language something of the same kind as this—the language used, though permissive in form, is, in fact, peremptory whenever the public interests or individual rights require its exercise: 4 Wall. 446.

Our attention has not been called to any public interest or sound public policy that would justify the court in allowing the petitioner to go out upon his own recognizance.   Nor can we see wherein the petitioner's individual rights have been trenched upon.   True, it is extremely grievous to remain in jail during these several months awaiting trial, but it is a necessity that the best interests of the public require.

There is no pretence that the action of the court was in any way arbitrary or oppressive.   The counsel for the people are not shown to have acted otherwise than with diligence and for the best interests of the public.   There has been no unnecessary delay.   The crowded condition of the court calendar, no doubt, accounts in some measure for

the delay, but even without this consideration, we do not think the postponement was unreasonable. There is on claim that the court was not authorized, from the showing made, to grant the continuance: *Ex parte Larkin*, 11 Nev. 90.

If the construction contended for by the petitioner be adopted, the result would be that in every case (excepting in capital cases where the proof of guilt is evident or the presumption thereof great), no matter how grave the charge nor how plain and urgent the grounds for postponement, yet if the court should continue the cause, on the application of the counsel for the people, beyond the term following that in which the indictment was found, the defendant would be entitled to discharge upon his own undertaking of bail. This would, in very many cases, be equivaentl to a dismissal of the action. We do not think that we are warranted in placing such a construction upon the statute, when the plain reading is to the contrary, and the evident intent of the legislature was to the contrary. The purpose of the statute, no doubt, was to give the court express authority to discharge a defendant upon his own recognizance, if, in the exercise of a wise discretion, it was deemed proper.

We are requested, however, that in case we hold that the language leaves the discharge discretionary with the court, we should exercise that discretion and grant the petitioner a discharge upon his own undertaking of bail. The district court, which was more familiar with the case than this court, declined so to do. No new light has been given us to guide us to a different conclusion.

The discharge of the petitioner is denied, and he is remanded to the custody of the marshal.

ZANE, C. J., and POWERS, J., concurred.