IN THE MATTER OF THE APPLICATION OF TERRY E. MORRIS FOR A WRIT OF HABEAS CORPUS.

No. 4504

March 8, 1962                    369 P.2d 456

*Maurice J. Sullivan,* of Reno, for Petitioner.

*Roger D. Foley,* Attorney General, *William J. Raggio,* District Attorney, and *Herbert F. Ahlswede,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

Original proceeding for a writ of habeas corpus.

Petitioner was arrested on October 26, 1961 pursuant to a warrant of arrest properly issued charging him with first degree burglary. He is presently in custody as a result of such warrant. On November 13, 1961 an information was filed charging first degree burglary. On November 16, 1961 petitioner was arraigned on said charge and entered a plea of "Not Guilty." At that time trial by jury was set for January 8, 1962. Although petitioner was prepared to go to trial on said last-mentioned date no jury was summoned and the trial setting was vacated without the consent of petitioner, and over his objection was reset for March 12, 1962. On January 26, 1962 petitioner moved said district court for an order dismissing the information. Said motion was denied on February 9, 1962.

NRS 178.495 provides: "If a defendant whose trial has not been postponed upon his application is not brought to trial within 60 days after the finding of the indictment or filing of the information, the court shall order the indictment or information to be dismissed, unless good cause to the contrary is shown."

The trial date of January 8 was within the 60-day period of the statute; however, the March 12 setting would bring the trial to a time beyond said period.

The record contains an affidavit which satisfies this court that the postponement of the trial was in no manner necessitated by any action on the part of the district attorney's office. So far as appears in the record the trial date was postponed because the clerk of the district court, for reasons which do not appear, failed to call a jury for the appointed time of trial.

Unless good cause to the contrary is shown, it is imperative under the statute for the district court to order the dismissal of an information on motion of the defendant where he is not brought to trial within the statutory period. People v. Fegelman, 66 Cal.App.2d 950, 153 P.2d 436; Ex parte Ford, 160 Cal. 334, 116 P. 757, 35 L.R.A. (N.S.) 882. There is no presumption that good cause exists, In re Begerow, 133 Cal. 349, 65 P. 828, 56 L.R.A. 513, and the burden of showing good cause for delay is on the prosecution. Harris v. Municipal Court, 209 Cal. 55, 285 P. 699.

The statute would have little meaning or benefit if its provisions were not given effect in those cases involving a postponement of trial beyond the statutory period which are devoid of any showing of the existence of good cause.

The detention of petitioner being unlawful he is entitled to his immediate release. The petitioner will stand discharged.