IN THE MATTER OF THE APPLICATION OF ROY PETER HANSEN FOR A WRIT OF HABEAS CORPUS.

No. 4710

December 18, 1963                    387 P.2d 659

*Earl M. Hill,* of Reno, for Petitioner.

*William J. Raggio,* District Attorney, and *Herbert F. Ahlswede,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, McNAMEE, J.:

This is an original proceeding for a writ of habeas corpus.

Petitioner is being detained in the Washoe County jail on a charge of robbery. An information was filed

to which he pleaded not guilty. His initial trial which commenced on September 23, 1963 terminated in a mistrial on September 24, 1963. On the latter date the district court set December 16, 1963 as the date for the second trial over petitioner's objection that he was not being brought to trial within 60 days after the mistrial.

All of the proceedings in the district court took place in Department 2 thereof.

The oral arguments herein were heard on December 13, 1963 at which time an order was entered denying the writ, this court at that time reserving the right to file a written opinion at a later date.

It appears from the agreed statement of facts that more than 60 days after the mistrial petitioner moved said district court for an order dismissing the information.

In denying the motion on December 10, 1963 the district judge held:

"1.   That each department of the Second Judicial District Court of the State of Nevada is autonomous; that each department is without power to assign or transfer criminal cases to any other department for trial.

"2.   That the trial calendar of Department 2 of said Court was entirely occupied with settings of criminal matters during the period from September 24, 1963, to December 16, 1963; that said condition of the calendar existed at the time of the determination of Petitioner's mistrial on September 24, 1963.

"3.   That the foregoing facts and circumstances constitute good cause within N.R.S. 178.495 for the setting of Petitioner's trial beyond the statutory sixty (60) day period."

At the hearing on the motion to dismiss the information, although the district judge stated that the case could not be transferred to another department for trial, no showing was made with respect to the calendars of the other three departments of the district court. Nor was any showing made with respect to the nature of those criminal matters occupying the calendar in Department 2.

NRS 178.495 provides:

"If a defendant whose trial has not been postponed upon his application is not brought to trial within 60 days after the finding of the indictment or filing of the information, the court shall order the indictment or information to be dismissed, unless good cause to the contrary is shown."

It is imperative under this statute for the district court to order dismissal of an information on motion of the defendant if he is not brought to trial within the statutory period, unless good cause is shown, and the burden of showing good cause for delay is on the prosecution. Ex parte Morris, 78 Nev. 123, 369 P.2d 456.

The statute is intended to prevent arbitrary, willful, or oppressive delays. Ex parte Larkin, 11 Nev. 90.

In order to comply with the statute, the court would have been obligated to set the trial for not later than November 27, 1963. In setting it for December 16, 1963, 23 days later, it does not appear to us, under the circumstances of this case, that the court's action was arbitrary, willful, or oppressive.

As stated in State v. Squier, 56 Nev. 386, 403, 54 P.2d 227, 234: "It is undesirable that one charged with crime should be held in prison, after pleading not guilty and demanding a speedy trial, for a longer period of time than is reasonably necessary. On the other hand, a defendant cannot require of the trial court that it disregard the condition of its calendar, the pendency of other cases, public expense, and the convenience or health of judge, court officers, and jurors." See also Ex parte Groesbeck, 77 Nev. 412, 365 P.2d 491.

Petitioner contends that it was incumbent on the prosecution to show that the criminal matters which were already set during the 60-day period were prosecutions for felony where the defendant was in custody; otherwise, under NRS 174.520, they would not have priority over petitioner's trial. We reject this contention.

496

NRS 174.520 was intended to govern the action of courts in those cases where the clerk prepares criminal calendars in accordance with NRS 174.510.

We are of the opinion that when it appeared that the court's calendar was entirely occupied with criminal matters prior to December 16, 1963 which had already been set for hearing, the prosecution had satisfied its burden of showing good cause why there could not be an earlier trial, and the prosecution is not required to go further to show that any of those matters already set were of lower priority, or that another department of the court was able and would consent to accept an assignment of petitioner's case for trial within the 60-day period.

Our prior order denying the writ will not be disturbed. It is ordered that this proceeding be dismissed.

BADT, C. J., and THOMPSON, J., concur.