CHARLOTTE DEAN HILL, Appellant, v. SHERIFF OF
CLARK COUNTY, NEVADA, Respondent.

No. 5643

April 11, 1969                              452 P.2d 918

*James D. Santini,* Public Defender, and *Robert N. Peccole,*
Assistant Public Defender, Clark County, for Appellant.

*Harvey Dickerson,* Attorney General, Carson City, *George
E. Franklin, Jr.,* District Attorney, *Alan R. Johns,* and *Earl P.
Gripentrog,* Deputy District Attorneys, Clark County, for
Respondent.

## OPINION

By the Court, THOMPSON, J.:

This is an appeal from a district court denial of habeas corpus. The petition for discharge from restraint was based upon the failure of the magistrate to hold a preliminary examination within 15 days as commanded by NRS 171.196(2).[1] The examination was originally scheduled for hearing within the statutory time. On the date set the prosecutor orally requested a continuance since the main witness for the state was absent from Clark County. The defendant was prepared to proceed. An affidavit was not prepared and submitted to the magistrate. The oral request of the prosecutor did not disclose the present residence of the witness, the diligence used to procure his attendance, the substance of his testimony or whether the same facts could be proven by other witnesses, when the prosecutor first learned that the witness was not available, or whether the request was tendered in good faith and not for delay.

Substantial compliance with DCR 21 would have been required had the instant matter been before the district court and a continuance of the trial sought by the prosecutor. Rainsberger v. State, 76 Nev. 158, 160, 350 P.2d 995 (1960). The difficulty here is the absence of a rule specifying the procedure to be followed and the showing to be made for securing the continuance of a preliminary examination in the justice's court upon the ground of the absence of a witness. The statute demands that "good cause" be shown. The reasons underlying DCR 21 are equally appropriate to the continuance of a criminal proceeding in the justice's court. Before a magistrate may decide whether statutory "good cause" exists, the party seeking a continuance of a preliminary examination upon the ground of the absence of witnesses must prepare and submit to the magistrate an affidavit stating: (a) the names of the absent witnesses and their present residences, if known; (b) the diligence used to procure their attendance; (c) a brief summary

---

[1]The statute in relevant part reads: "If the defendant does not waive examination, the magistrate shall hear the evidence within 15 days, unless for good cause shown he extends such time. . . ."

of the expected testimony of such witnesses and whether the same facts can be proven by other witnesses; (d) when the affiant first learned that the attendance of such witnesses could not be obtained; and (e) that the motion is made in good faith and not for delay.

In the case at hand, however, we cannot fault the justice's court for granting a six-day continuance of the preliminary examination, since it decided the matter without benefit of rule or case precedent; it follows that the district court did not err in denying habeas relief. The portion of this opinion relating to the procedure to be followed and the showing to be made in order to secure the continuance of a preliminary examination in the justice's court upon the ground of the absence of witnesses shall have application prospectively.

Affirmed.

COLLINS, C. J., ZENOFF, BATJER, and MOWBRAY, JJ., concur.