ROSIE MAE McGILL, APPELLANT, *v.* CHIEF OF POLICE OF THE CITY OF LAS VEGAS, RESPONDENT.

No. 5695

May 5, 1969                                     454 P.2d 28

*Charles L. Kellar,* of Las Vegas, for Appellant.

*Sidney R. Whitmore,* of Las Vegas, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

On February 21, 1968 petitioner was arrested and charged while driving under the influence of intoxicating liquor in violation of the city ordinance of Las Vegas. The complaint was not signed before a magistrate as required by statute and upon her motion the municipal court dismissed the complaint but ordered that a new complaint be filed immediately. At the time of the new complaint the arresting officer was no longer a policeman for the city of Las Vegas. Another officer signed the complaint upon information and belief and the matter was set for trial May 21, 1968.

At the time for trial without advance warning or notice the city prosecutor asked to continue the matter until June because the arresting officer would not be available until then. After

certain objections by petitioner the continuance was granted. The prosecution requested a June trial but trial was set for September at the request of petitioner's counsel. Petitioner sought a writ of habeas corpus which was denied by the district court and she now appeals from the denial.

1. Clearly, under Hill v. Sheriff, 85 Nev. 234, 452 P.2d 918 (1969), the proper steps necessary for a continuance were not taken. Although the rule of that case was announced as prospective and so cannot be applied here, it is an applicable rule for proceedings in the municipal court as well as the justice court as in *Hill*. Nothing appears to show what efforts, if any, were made to obtain the witness for trial nor anything else that would edify the lower court to adjudicate fairly the merits of the motion for continuance. We will not disturb the trial court's exercise of discretion in this case since petitioner was never in custody during the long delay but we do advise now that the requirements of *Hill* will apply to proceedings in municipal courts.

2. Petitioner contends she was denied a speedy trial. Ex parte Morris, 78 Nev. 123, 369 P.2d 456 (1962), gave meaning to the speedy trial policy of this state. However, although petitioner could have had a trial in June within 60 days from the filing of the corrected complaint on April 23, her counsel could not be present and agreed to a September date. Therefore, the delay was caused by him.

3. Petitioner protests also that the claimed violation of the ordinance should have been prosecuted in the name of the State of Nevada. She cites various provisions of the Nevada Constitution but fails to place sufficient emphasis on Nev. Const. art 8, § 1, which allows special charters, thus exempting city ordinances and such charters from the prohibitions against the special laws of art 4, § 20, upon which appellant relies. The city charter of Las Vegas provides in several places for prosecution in the name of the city. We can find therefore no merit to that ground of appeal nor will we entertain appellant's objection to the municipal court judge who occupies an appointive position which appellant states is in violation of the state constitution. The point was not argued before the district judge and we, not having the benefit of the district court's views on the subject, shall not consider it now.

The denial of appellant's petition for habeas corpus is affirmed.

COLLINS, C. J., BATJER, MOWBRAY, and THOMPSON, JJ., concur.