GARELD B. BROADHEAD, JR., Appellant, v. SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 6473

May 13, 1971                    484 P.2d 1092

220

*James D. Santini,* of Las Vegas, for Appellant.

*Robert List,* Attorney General, of Carson City; *Roy A. Woofter,* District Attorney; *Charles L. Garner,* Chief Deputy District Attorney for Appeals, Clark County, for Respondent.

## OPINION

By the Court, GUNDERSON, J.:

Appellant originally was arrested and posted bail on a complaint filed in the Justice Court of Las Vegas Township, charging sale of marijuana to a person over the age of 21, a violation of NRS 453.030. Awaiting a preliminary hearing, which he

demanded, appellant returned home to Colorado, where he was employed by a tree service company. The prosecution sought several continuances of the preliminary hearing, which appellant's counsel did not oppose, and appellant's counsel requested at least one continuance on their own account; then, on March 16, 1970, the prosecution again orally moved to continue the preliminary hearing because it was unable to produce its expert witness. Although appellant might have opposed this motion for failure to show good cause as required by DCR 21,[1] and although appellant had honored his bail commitment by traveling from Colorado to be present, appellant's counsel agreed, conditioning acquiescence with the request that the court fix a firm date for the preliminary hearing. The court fixed June 24, 1970, as a firm date; thereafter, appellant's counsel apparently stipulated with the prosecutor that this date should be changed to July 8, 1970.

When seeking this continuance, the District Attorney's deputy did not reveal to the magistrate or to appellant's counsel that four days earlier, on March 12, 1970, the prosecution had obtained a Grand Jury indictment against appellant with regard to the same alleged offense; nor did the deputy reveal any intent to subvert or avoid a hearing on the "firm date" to which he agreed. Yet, without reason, without warning, and at totally unnecessary expense to the State, on July 2, 1970, the prosecution caused appellant to be arrested under the indictment in Golden, Colorado, where he was kept for eight days, until transported back to Las Vegas for arraignment on the indictment on July 10, 1970, two days after his preliminary hearing should have been conducted in justice court. According to the petition before us, these untoward procedures resulted in appellant being subjected to adverse newspaper publicity not only in Las Vegas but also in his home town, resulting in loss of his employment.

When appellant was brought before the District Court to answer the indictment on July 10, 1970, his counsel appeared with him, declined to plead, declined to waive his right to a speedy trial as secured by NRS 178.556, advised the court that he had requested copies of the Grand Jury proceedings but that the prosecution had not provided them, told the court that he had only just learned when the indictment had been returned, and requested time to study the proceedings before taking

[1]Oberle v. Fogliani, 82 Nev. 428, 420 P.2d 251 (1966); Hill v. Sheriff, 85 Nev. 234, 452 P.2d 918 (1969); Maes v. Sheriff, 86 Nev. 317, 468 P.2d 332 (1970); State v. Austin, 87 Nev. 81, 482 P.2d 284 (1971).

action. For this purpose, the matter was continued until July 20, 1970; however, the appellant having become unemployed, the Public Defender's Office was obliged to enter the case, by reason of which two further continuances allowing time to prepare an attack on the indictment were sought by appellant and allowed by the District Court. In the absence of appellant and his counsel, on July 16, 1970, the prosecution caused the justice court magistrate to dismiss the earlier proceedings against him.

Appellant brought habeas corpus to challenge his confinement, and, relief being denied to him by the lower court, brings this appeal.

1. In Hill v. Sheriff, 85 Nev. 234, 452 P.2d 918 (1969), this court recognized that the "reasons underlying DCR 21 are equally appropriate to the continuance of a criminal proceeding in the justice's court"; thus, although we withheld application of the rule in that case, we gave prosecutors clear notice that, in the future, they must either proceed with a preliminary hearing at the appointed time, or show good cause for a continuance by affidavit, as under DCR 21. Continuing disregard of this simple obligation gave rise to our holding in Maes v. Sheriff, 86 Nev. 317, 468 P.2d 332 (1970), in which we said: "Although NRS 178.562(2) may not have been intended to bar a second criminal complaint in the circumstances before us, basic fairness does bar such a procedure. A new proceeding for the same offense (whether by complaint, indictment or information) is not allowable when the original proceeding has been dismissed due to the willful failure of the prosecutor to comply with important procedural rules." In this context, "willful" refers not only to intentional derelictions on the part of the prosecution, but "equally to situations where there has been conscious indifference to rules of procedure affecting a defendant's rights." State v. Austin, 87 Nev. 81, 482 P.2d 284 (1971).

May the prosecution avoid its obligation either to proceed with a preliminary hearing at the appointed time, or to show good cause for a continuance as under DCR 21, by causing a defendant's arrest in connection with a second proceeding for the same offense, in conscious indifference to his rights? We hold it may not; for, to hold otherwise, would not only encourage callous disregard of the rights of those accused of crime, with wanton unconcern for unnecessary expense to the State,

but would destroy the orderly procedures that our previous holdings, cited above, are intended to require.

2. Even if this were not so, the second prosecution of appellant would be barred for a further reason. NRS 178.556 gives the court power to dismiss an indictment, if the defendant is not brought to trial within 60 days after the indictment is found; and dismissal of the indictment is required, upon the facts of this case. Although appellant was present in Las Vegas four days after the indictment was found, although his subsequent whereabouts were known to the prosecution, and although he was on bail and might have been brought back to Las Vegas at any time, the prosecution delayed some 112 days before causing his arrest under the indictment. These facts destroy any contention that a reasonable effort was made to afford appellant a speedy trial. Cf. State v. Craig, 87 Nev. 199, 484 P.2d 719 (1971).

3. The right to a speedy trial, whether within the statutory 60 days or within a reasonable time, is not jurisdictional and may be waived. Bates v. State, 84 Nev. 43, 436 P.2d 27 (1968). Waiver may be implied, as well as express; thus, if the defendant is responsible for delaying the trial beyond the 60-day limit, he may not complain. Oberle v. Fogliani, 82 Nev. 428, 420 P.2d 251 (1966). However, in the instant case, the appellant was in no way responsible for delaying the trial beyond the 60-day limit; indeed, because of the prosecution's failure to bring him before the court to answer the indictment, he had no opportunity to object until some 120 days had elapsed. In the factual context of this case, no waiver can be implied from his counsel's request, at that time, for an opportunity to examine into the anomalous procedures employed by the prosecution; nor do we believe that the time utilized for this purpose was at all unreasonable, in view of the confusion necessarily resulting from the procedures employed by the prosecution.

This matter is reversed and remanded, with instructions to grant appellant's petition for writ of habeas corpus, and to discharge him from custody.[2]

ZENOFF, C. J., BATJER, MOWBRAY, and THOMPSON, JJ., concur.

[2]The present incumbent District Attorney did not occupy that office at the time the procedures mentioned in this opinion were employed.