MARJORIE JASPER, APPELLANT, *v.* SHERIFF, CLARK COUNTY, NEVADA, RESPONDENT.

No. 6694

January 24, 1972                    492 P.2d 1305

*Robert G. Legakes,* Public Defender, and *Morgan D. Harris,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, *Roy A. Woofter,* District Attorney, and *Charles L. Garner,* Chief Deputy of Appeals, Clark County, for Respondent.

## OPINION

*Per Curiam:*

By criminal complaint the appellant was charged with two counts of involuntary manslaughter under NRS 200.070, in

that on November 17, 1970, she operated a motor vehicle while under the influence of intoxicating liquor and failed to stop in obedience to a traffic control device, colliding with another vehicle and killing two of its occupants.

A preliminary examination was scheduled for April 29, 1971.[1] On April 28, 1971, the prosecutor filed a motion for a continuance, supported by an affidavit,[2] in which it was alleged that one of the state's witnesses was out of town until May 15, 1971, and not able to testify. Neither the motion nor the supporting affidavit have been made a part of the record on appeal, but from the transcript of the preliminary examination it is evident that no attempt had been made to secure the attendance of the absent witness until the day before, when a subpoena was issued but not served. The prosecutor, in response to the magistrate's inquiry, stated that the reason for the delay in attempting to secure the attendance of the witness was that the coroner's office did not supply him with the name of the witness[3] until the day before the scheduled preliminary examination, although at least two prior requests were made to the coroner's office for the information.

The magistrate denied the state's motion for a continuance upon his finding that the supporting affidavit failed to show due diligence. However, based upon the oral representations made by the prosecutor in response to the magistrate's inquiry, a continuance was ordered until May 17, 1971. The appellant petitioned for a writ of habeas corpus on the grounds that the magistrate was without power to order a continuance after a finding that there was not a showing of due diligence in the supporting affidavit. The district court denied the writ and the appellant appealed.

Without the benefit of the affidavit as part of the record on appeal we are not able to determine whether or not it met the requirements of DCR 21. The magistrate ruled that it did not, in that it failed to show the exercise of due diligence to secure

---

[1]Since the record does not reflect the granting of any prior continuances, and no contention was made below, or in these appellate proceedings, that the appellant had been denied her right to a preliminary examination within fifteen days, it is apparent that there had been a waiver of the "fifteen day rule" under NRS 171.196(2).

[2]As required by DCR 21 and Hill v. Sheriff, 85 Nev. 234, 452 P.2d 918 (1969).

[3]The absent witness was a physician, apparently the only person available who could testify as to the cause of death of the accident victims.

the attendance of the absent witness. However, the magistrate interrogated the prosecutor and ruled that, upon the oral representations made by him, the state had complied with the requirements of DCR 21.

While the prosecutor was not sworn by the magistrate, the procedure used by the magistrate to ascertain facts in addition to those supplied by the affidavit was substantially as suggested by our opinion in Bustos v. Sheriff, 87 Nev. 622, 491 P.2d 1279 (1971). There we said ". . . [I]t is reasonably clear that the prosecutor could have shown good cause had the magistrate required his sworn testimony in lieu of affidavit, and since this method of showing cause has not heretofore been suggested we shall not fault the magistrate for granting a continuance in this instance. . . ."

The thrust of the habeas petition below, and in these appellate proceedings, was not that the prosecutor's oral representations failed to show good cause, but simply that upon a failure of the affidavit to show good cause the magistrate was without power to grant a continuance. We reject that contention and we approve the procedure used by the magistrate to supplement the deficiencies of the affidavit.[4] Consequently, upon the record before us we cannot fault either the magistrate's order for a short continuance, or the district court's denial of habeas.

Affirmed.

---

[4]Hereafter, however, the magistrate must take supplementary testimony from the prosecutor by means of sworn testimony.