KEITH JOHNSON, APPELLANT, v. SHERIFF, WASHOE COUNTY, NEVADA, RESPONDENT.

No. 7343

July 9, 1973                              511 P.2d 1051

[Rehearing denied August 23, 1973]

*Robert A. Grayson,* of Carson City, for Appellant.

*Robert List,* Attorney General, Carson City; *Robert E. Rose,* District Attorney, and *Alvin J. Hicks,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

At the conclusion of a preliminary examination charges of third degree arson (NRS 205.020) and arson with intent to defraud an insurer (NRS 205.030) were dismissed against appellant. Twelve days after the charges were dismissed in the justice court, the Washoe County Grand Jury returned an indictment charging appellant with the identical offenses. A pre-trial habeas challenge to the indictment was denied and in this appeal appellant contends (1) the dismissal of the charges in the justice court proscribes the subsequent indictment, and (2) there was insufficient evidence submitted to the grand jury to establish probable cause to hold him for trial. The latter contention is not seriously argued and is summarily rejected.

The instant charges arose out of a scheme to burn a slightly damaged automobile and collect its full value from an insurance carrier. The owner of the vehicle paid appellant and Robert Gentlemen $200.00 to burn the automobile, which they did. Gentlemen, having been granted immunity from prosecution, implicated appellant when he testified at the preliminary examination and before the grand jury. The parties concede that Gentlemen was an accomplice in the illegal activity.

The dismissal of the proceedings in the justice court, according to the magistrate, was because the testimony of the accomplice [Gentlemen] was not corroborated. When the charges were subsequently submitted to the grand jury an additional witness was called and his testimony corroborated the incriminating testimony given by Gentlemen.

The thrust of appellant's central argument suggests the failure of the prosecutor to produce a corroborating witness at the preliminary examination is equivalent to the "conscious indifference to rules of procedure affecting a defendant's rights" we condemned in State v. Austin, 87 Nev. 81, 482 P.2d 284 (1971), and the "willful disregard" of appellant's rights that existed in Hill v. Sheriff, 85 Nev. 234, 452 P.2d 918 (1969), and in Maes v. Sheriff, 86 Nev. 317, 468 P.2d 332 (1970).

The district court rejected the same argument and we find no error in its factual determination that the state had not exhibited willful disregard of, or conscious indifference to, appellant's rights.

Affirmed.