RALPH B. PETSCHAUER, II, Appellant, *v.* SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 7362

August 7, 1973                    512 P.2d 1325

[Rehearing denied September 6, 1973]

*Morgan D. Harris,* Public Defender, and *Robert L. Stott,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *Roy A. Woofter,* District Attorney, and *H. Leon Simon,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, BATJER, J.:

On June 22, 1972, the Clark County Grand Jury returned an indictment charging Ralph B. Detschauer with the sale of a controlled substance, a felony under NRS ch. 453. A bench warrant issued in that name. The local authorities were unable to find the named accused. Through a chance discussion with a traffic court clerk on March 29, 1973, a police officer learned that the true name of the person who allegedly sold the contraband was Ralph B. Petschauer, the appellant herein. Petschauer was located and arrested on March 30, 1973. From the time the indictment was returned until the appellant was located and taken into custody more than nine months had elapsed. A pre-trial habeas challenge to the indictment contended (1) that there was insufficient evidence adduced before the grand jury to establish probable cause and, (2) that there was an infringement of the appellant's constitutional rights because he was not brought to trial within 60 days after he was charged with the offense. The district court denied habeas and the same contentions are reurged in this appeal.

1. The transcript of the grand jury proceedings was neither designated nor submitted as a part of the record on appeal; therefore, we have no basis upon which to determine if the evidence in that record was sufficient to sustain the charge, and as a consequence we reject the appellant's first contention. Lamoureux v. Sheriff, 85 Nev. 44, 449 P.2d 471 (1969).

2. His contention that he has not been afforded a speedy trial is also without merit. In Barker v. Wingo, 407 U.S. 514 (1972), the High Court approved a balancing approach in which the conduct of both the prosecution and the defendant are weighed, and identified four factors which should be assessed in deciding whether a defendant has been deprived of his right to a speedy trial. Those factors are: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right, and (4) prejudice to the defendant.

The delay in this case was substantial (281 days); however, the trial judge found that the undercover police officer

who purchased the controlled substance knew the appellant as Ralph B. *Detschauer,* and that his true name was not learned until the day before his arrest. Upon these facts the trial judge determined that there was good cause for the delay. We find no error in that determination.

The appellant has failed to demonstrate that the delay has caused him any prejudice.

In Anderson v. State, 86 Nev. 829, 834, 477 P.2d 595, 598 (1970), we wrote: "NRS 178.556 states that the court 'may' dismiss the . . . indictment if the defendant is not brought to trial within 60 days. This rule is only mandatory if there is not good cause shown for the delay . . . Ex Parte Morris, 78 Nev. 123, 369 P.2d 456 (1962) . . . The State, which had the burden of showing good cause for the delay, Ex Parte *Morris,* supra, did so in this case. The statutory timetable for conduct of criminal proceedings is a guide to the speedy trial issue, but does not define the constitutional right."

We find no error in the district court's determination that appellant's constitutional rights were not infringed and we affirm.

THOMPSON, C. J., and MOWBRAY, GUNDERSON, and ZENOFF, JJ., concur.