JOHN TOTH McNAIR, Appellant, v. SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 7264

October 11, 1973                    514 P.2d 1175

*Roy L. Nelson, II,* of Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City; and *Roy A. Woofter,* District Attorney, Clark County, for Respondent.

**OPINION**

By the Court, GUNDERSON, J.:

This appeal questions the State's right to obtain and proceed on a grand jury indictment for robbery, after a justice court dismissed a prior criminal complaint for the identical offense because the prosecutor appeared unprepared for a scheduled preliminary hearing, and failed to tender a proper motion to continue the case.

It appears that the State originally filed three complaints in Las Vegas Justice Court, charging separate felonies by appellant, who invoked his statutory right to have preliminary examinations within 15 days. NRS 171.196(2). On the appointed day, the court first called Case No. 2191–26A, took evidence, and held appellant for trial. Then, the court called Case No. 2190–26A, but when the prosecutor announced himself unprepared, the court dismissed that charge on motion of the public defender, after denying the prosecutor's oral motion for continuance which he made no attempt to support.[1] Thereupon, the court called Case No. 2192–26A, took evidence, and held appellant for trial. Fifty-one days later, the prosecutor obtained an indictment re-stating the accusation involved in Case No. 2190–26A, which he had failed to substantiate in justice court.

Appellant sought habeas relief in district court and, that being denied, has appealed. Thus, we must decide whether the prosecutor may re-charge appellant by indictment, in the particular facts of this case. We hold he may not.

Concerning continuances in district court, we have long held: "There is no presumption that good cause exists . . . and the burden of showing good cause for delay is on the prosecution." Ex Parte Morris, 78 Nev. 123, 125, 369 P.2d 456, 457 (1962). Accord: Anderson v. State, 86 Nev. 829, 477 P.2d 595 (1970); Oberle v. Fogliani, 82 Nev. 428, 420 P.2d 251 (1966); Ex Parte Hansen, 79 Nev. 492, 387 P.2d 659 (1963).

Almost five years ago, this court unanimously determined to limit continuances strictly, not only in district court, but at the justice court stage of criminal proceedings. This seemed essential to prevent prosecuting and defense attorneys from destroying our justice courts' capacity to meet an ever-increasing caseload. Then, as now, we believed our criminal justice system can ill afford to bestow on prosecutors, or on defense

---

[1] After the prosecutor orally moved for a continuance, the following occurred:

"BY PUBLIC DEFENDER:   I would object to the continuance.

"BY THE COURT:   The objection is sustained."

So far as affidavits in the record reveal, the prosecutor made no effort whatever to justify his request for a continuance, either when he made it, when the public defender objected to it, or even after the justice court ruled. To date, it has not been suggested to any court that any reason or excuse existed.

counsel, largesse through continuances for which no cause is shown.

Hence, in Hill v. Sheriff, 85 Nev. 234, 452 P.2d 918 (1969), we declared that the "reasons underlying DCR 21 are equally appropriate to the continuance of a criminal proceeding in the justice's court"; and although we withheld application of the rule in that case, we gave prosecutors clear notice that, in the future, they must either proceed to a preliminary hearing at the appointed time, or show good cause for a continuance by affidavit, as under DCR 21.[2]

Continuing omissions to comply with this obligation impelled our holding in Maes v. Sheriff, 86 Nev. 317, 468

---

[2]*Rule 21. Motions for continuance: Contents, service of affidavits; counter-affidavits; argument.*

1. All motions for the continuance of causes shall be made on affidavit.

2. When a motion for the continuance of a cause is made on the ground of absence of witnesses, the affidavit shall state:

(a) The names of the absent witnesses and their present residences, if known.

(b) What diligence has been used to procure their attendance or their depositions, and the causes of a failure to procure the same.

(c) What the affiant has been informed and believes will be the testimony of each of such absent witnesses, and whether or not the same facts can be proven by other witnesses than parties to the suit whose attendance or depositions might have been obtained.

(d) At what time the applicant first learned that the attendance or depositions of such absent witnesses could not be obtained.

(e) That the application is made in good faith and not for delay merely.

3. No continuance will be granted unless the affidavit upon which it is applied for conforms to this rule, except where the continuance is applied for in a mining case upon the special ground provided by NRS 16.020.

4. Copies of the affidavits upon which a motion for a continuance is made shall be served upon the opposing party as soon as practicable after the cause for the continuance shall be known to the moving party.

5. Counter-affidavits may be used in opposition to the motion.

6. No amendments or additions to affidavits for continuance will be allowed after they have been read, and no argument will be heard on motions for a continuance, except such as relate to the sufficiency of the affidavits read on the hearing.

In McGill v. Chief of Police, 85 Nev. 307, 454 P.2d 28 (1969), this court declared that DCR 21 "is an applicable rule for proceedings in the municipal court as well as the justice court as in *Hill.*" 85 Nev. at 309, 454 P.2d at 29.

P.2d 332 (1970), in which we said: "Although NRS 178.562(2) may not have been intended to bar a second criminal complaint in the circumstances before us, basic fairness does bar such a procedure. A new proceeding for the same offense (whether by complaint, indictment or information) is not allowable when the original proceeding has been dismissed due to the willful failure of the prosecutor to comply with important procedural rules." 86 Nev. at 319, 468 P.2d at 333. Thereafter, in State v. Austin, 87 Nev. 81, 482 P.2d 284 (1971), we made it clear that in this context "willful" refers not only to intentional derelictions on the part of the prosecution, but "equally to situations where there has been conscious indifference to rules of procedure affecting a defendant's rights." 87 Nev. at 83, 482 P.2d at 285; see also, Broadhead v. Sheriff, 87 Nev. 219, 484 P.2d 1092 (1971).[3]

Still, our aim being that criminal accusations should proceed or terminate on principles compatible with judicial economy, fair play and reason, we have attempted to apply DCR 21 in the criminal realm firmly, consistently, but realistically. Therefore, to allow for legitimate emergencies, we have held that, if surprised by absence of a subpoenaed witness, a prosecutor may orally move for continuance on his own sworn testimony. Bustos v. Sheriff, 87 Nev. 622, 491 P.2d 1279 (1971). Moreover, we have held that a magistrate may permit a prosecutor to supplement deficiencies in supporting affidavits with oral testimony. Jasper v. Sheriff, 88 Nev. 16, 492 P.2d 1305 (1972).

Furthermore, when a justice court has dismissed a charge that subsequently is re-filed, our rulings contemplate that it is the district court which decides whether a prosecutor has been "willful" or "consciously indifferent" so as to be barred from instituting a second prosecution. Stockton v. Sheriff, 87 Nev. 94, 95, 482 P.2d 285, 286, n. 1 (1971). As noted, the prosecutor bears the burden of justifying delay when he moves for a continuance; thus, a fortiori, he must bear the burden of showing an excuse when he has occasioned a dismissal by failing to make a proper motion. However, where the record contains a basis for finding something other than "willful disregard" or "conscious indifference," we have upheld the district court's determination. Thus, in Johnson v. Sheriff, 89 Nev. 304, 511 P.2d 1051 (1973), we affirmed a district court's denial of habeas corpus, although a prosecutor's oversight had caused

[3]The incumbent District Attorney of Clark County did not occupy that office when the omissions concerned in our Hill, Maes, Austin and Broadhead decisions occurred.

dismissal of justice court proceedings, where the record supported a finding that the prosecutor's omission resulted from mere unfamiliarity with his obligations.[4]

Also, to avoid delay by the defense, we have held that by failing to object promptly to an allegedly improper continuance an accused waives his right to complain. Stockton v. Sheriff, supra. The same is true if a defendant initiates a challenge by habeas, but does not pursue it. George v. State, 89 Nev. 47, 505 P.2d 1217 (1973); Oberle v. Fogliani, supra.

We believe these prior decisions establish simple, fair, nontechnical guidelines for seeking continuances, with which any lawyer acting in good faith can comply. We believe, furthermore, that our application of DCR 21 to justice court proceedings, in the manner described, has indeed significantly reduced lax practice, and that we cannot sacrifice this long-term benefit to salvage an accusation for which the prosecutor has shown scant concern. All this in mind, we now consider the facts of the case at bar.

Here, the prosecutor acknowledges that the justice of the peace correctly denied the State's motion for continuance and dismissed its complaint against appellant. The prosecutor seems to contend, however, that if the breach of duty for which a felony complaint is dismissed chances to be the prosecutor's first dereliction in that particular case, then it should not be deemed "willful failure" or "conscious indifference" in law, no matter how willful or indifferent it may be in fact.[5]

---

[4]See also: Concurring opinion of GUNDERSON, J., George v. State, 89 Nev. 47, 505 P.2d 1217 (1973).

[5]As stated to the district court, this is the prosecutor's position:

"Your Honor, the State does not contest in this case the fact that it did not comply with Charlotte Dean Hill or with the Bustos case. We would stipulate that Judge Reid was right in dismissing the case in Justice Court. However, I don't think that's the question that's before the Court.

"The question is when the magistrate does dismiss the case, can the State refile the same charge by way of indictment? Now this issue is ruled by the Maes and Austin cases which opposing counsel has cited. In those two cases, and there was one of those cases, the State had obtained something like five continuances before the dismissal in Justice Court. In the other case the magistrate had given the State a continuance to the same afternoon to file an affidavit and the State did not comply with that.

"Now in that posture the Supreme Court ruled in those two cases that the State cannot refile, where the dismissal below was due to willful failure or conscious indifference to comply with procedural rules. I think both of those cases are therefore distinguishable on that ground from the present case. So it would be our position that the State is not precluded from the filing under the circumstances of the present case. . . ."

We need not now decide whether a prosecutor may with impunity violate our rules once in every case he prosecutes; for here multiple prosecutorial errors appear which can only be viewed as "conscious indifference to rules of procedure," no other way of viewing them having been made apparent.

First, the prosecutor appeared in justice court unprepared for preliminary examination at the time set by prior court order. For this, no explanation has ever been offered, in any form, in any forum.

Second, assuming the prosecutor's inability to proceed resulted from unavailability of a necessary witness, he failed to tender that or any excuse to the justice court by a motion based on supporting affidavits, as required by *Hill* and later cases. Again, no explanation for such omission has ever been suggested.

Third, assuming absence of a necessary witness (or some other problem) caught the prosecutor by surprise, too late for him to prepare explanatory affidavits, he neither advised the court of this fact nor offered to be sworn and testify in support of his motion, as our *Bustos* decision contemplates. Again, no explanation, ever.

Fourth, even after the public defender objected to the obviously insufficient motion for continuance, the prosecutor made no effort or offer to support it. Clearly, one cannot say the magistrate ruled against the prosecutor too rapidly, for none can tell from the record how rapidly he ruled. Moreover, the prosecutor was obligated to support his motion properly when he made it. Once the motion was made, the court was entitled to assume the movant had submitted all support he expected to tender. However, disregarding these realities, and assuming the justice court ruled too abruptly (something the prosecutor does not contend, although our dissenting brother has indicated that idea will be the basis of his dissent), absolutely nothing could prevent the prosecutor from tendering his excuse after the court ruled, if he had one and felt disposed to do so. No excuse has been suggested, either to the justice court, to the district court, or to this court on appeal.

If we were to condone the prosecutor's conduct in this case, on the record before us, in effect we would nullify all of our past decisions by which we have sought to control continuances, and to limit delay. Then, a prosecutor could avoid the force of our prior rulings at will, by moving for a continuance without stating grounds, without submitting affidavits, and

without offering his own sworn testimony. Simply by saying nothing to support his request either before or after the justice court ruled, a prosecutor could always create precisely the same record as we have before us now.

The order of the district court is reversed with instructions to grant a writ of habeas corpus as to the charge originally contained in Case No. 2190–26A.

THOMPSON, C. J., and BATJER and ZENOFF, JJ., concur.

MOWBRAY, J., dissenting:

Respectfully, I dissent.

An indictment returned by the Clark County Grand Jury charged appellant, McNair, with robbing a 7–11 food store in Henderson, Nevada, in violation of NRS 200.380. He has challenged the indictment by pretrial habeas, contending that the State is precluded from proceeding under the indictment because a criminal complaint charging the defendant-appellant with the same offense had been previously dismissed by Justice of the Peace Robert Reid. District Judge William Compton denied habeas and ordered the appellant to stand trial. Hence, this appeal. The thrust of McNair's argument, which has been accepted by the majority of the court, is that the record in the magistrate's court affirmatively shows that the State willfully failed to comply with the mandates of Hill v. Sheriff, 85 Nev. 234, 452 P.2d 918 (1969), and Maes v. Sheriff, 86 Nev. 317, 468 P.2d 332 (1970), in that the prosecutor offered no explanation of his inability to proceed with a scheduled preliminary hearing. McNair also argues that the prosecutor exhibited the "conscious indifference to rules of procedure affecting appellant's rights" which we condemned in State v. Austin, 87 Nev. 81, 482 P.2d 284 (1971).

The appellant was charged with three separate felonies, and the preliminary hearing on each felony was scheduled for the same day. After the first hearing was concluded, the prosecutor announced that the State was not prepared at the time to go forward with the second scheduled hearing, whereupon defense counsel immediately objected. The entire transcript of the proceedings before the justice of the peace, which was reconstructed by the reporter after the "hearing," consists of the following:

Defense Counsel:    "I would object to the continuance."

The Court:    "The objection is sustained."

One of our basic constitutional and procedural premises is that each party shall have an opportunity to be heard, and this

opportunity to be heard has been traditionally protected by the courts. In this instance, however, the court refused the prosecutor any opportunity to express the State's position and precluded him from any attempt to comply, if he could, with the mandates of Hill and Maes by sustaining the objection. It is not the presiding magistrate's prerogative to assume, once the motion for a continuance is made, that there is no supporting evidence for such motion. In such instances, the presiding magistrate has at least an obligation to permit the State an opportunity to explain its position.

Under the factual posture of this case, I cannot find that the mandates of Hill and Maes have been offended or that the State has exhibited a "conscious indifference to rules of procedure affecting a defendant's rights. [footnote omitted]" State v. Austin, *supra.*

I would, therefore, affirm Judge Compton's order denying McNair's petition for habeas and order him to stand trial on the robbery charge.