DOUGLAS RANDALL SCHULTZ, APPELLANT, v.
THE STATE OF NEVADA, RESPONDENT.

No. 7573

May 14, 1975                                    535 P.2d 166

*Morgan D. Harris,* Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *Roy A. Woofter,* District Attorney, Clark County, for Respondent.

## OPINION

By the Court, BATJER, J.:

Appellant Douglas Randall Schultz was charged with robbery by information filed on May 3, 1973. He pled not guilty and trial was set for June 18, 1973. At a hearing on June 14, 1973, his counsel gained a continuance for purposes of plea bargaining, after having waived appellant's presence. At another hearing on July 6, 1973, when appellant was again absent, the attorneys announced their readiness to proceed to trial. On July 9, 1973, the first day of trial, appellant, relying on NRS 178.556,[1] moved to dismiss the information because of the state's failure to bring him to trial within 60 days after it was filed. The motion was denied and the matter proceeded to trial.

Appellant argues that he has been denied his statutory right to speedy trial. NRS 178.556. The delay beyond the statutory period was insubstantial (2 days), and the prosecution showed good cause (plea bargaining) for the delay. Cf. Petschauer v. Sheriff, 89 Nev. 328, 512 P.2d 1325 (1973). Neither the record nor the appellant's brief gives rise to an argument for abridgment of his constitutional right to speedy trial. Cf. Barker v. Wingo, 407 U.S. 514 (1972).

---

[1]NRS 178.556: "If no indictment is found or information filed against a person within 15 days after he has been held to answer for a public offense, or if a defendant whose trial has not been postponed upon his application is not brought to trial within 60 days after the finding of the indictment or filing of the information, the court may dismiss the indictment, information or complaint."

Appellant's assertion that his attorney was not authorized to waive either the 60-day rule or appellant's presence at the hearing for a continuance enjoys no factual support. In Bates v. State, 84 Nev. 43, 436 P.2d 27 (1968), where the defendant was absent at the time his attorney waived the 60-day rule, this court held the waiver to be valid. We find no error in the district court's acceptance of the waivers proffered by appellant's counsel or in its denial of appellant's motion to dismiss.

Finally asserted as error are alleged improper comments upon the facts by the trial judge to the jury in violation of Article VI § 12 of the Nevada Constitution. The comments complained of took place when the jury interrupted its deliberations and returned to the courtroom to have certain testimony reread. The court reporter had difficulty locating the requested testimony, but every request except the last, concerning an eyewitness description of appellant, was met by stipulation as to the facts by both attorneys. The court's failure to insist that the last requested testimony be located, since no agreement as to its content could be gained from counsel, is singled out by appellant as a "comment" or opinion by the court that the testimony was unimportant. However, at that time the trial judge scrupulously reminded the jury that he was precluded from commenting upon the evidence as of his recollection, and that the jury must rely on its own recollection. Thus, no prejudice can be inferred from the district court's implied comment. State v. Smith, 10 Nev. 106, 114, 115 (1875).

Affirmed.

GUNDERSON, C. J., and ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.