KENNETH WATSON, APPELLANT, *v.* SHERIFF, ELKO COUNTY, NEVADA, RESPONDENT.

No. 9205

April 21, 1977                                    562 P.2d 1133

[Rehearing denied May 12, 1977]

*Horace R. Goff,* State Public Defender, Carson City, for Appellant.

*Robert List,* Attorney General, Carson City; *Robert C. Manley,* District Attorney, and *Gary N. DiGrazia,* Deputy District Attorney, Elko County, for Respondent.

## OPINION

*Per Curiam:*

In September 1975, Kenneth Watson was charged by criminal complaint filed in the Justice Court, Mountain City, Nevada, with battery, a gross misdemeanor pursuant to NRS 200.481(2)(b). A preliminary examination, however, was never held, and in July 1976, the Elko County Grand Jury indicted Watson for the same offense. In a petition for habeas corpus Watson asserted prosecutorial misconduct resulted in unnecessary delay of the action against him and denied him due process of law. The district court denied habeas and in this appeal Watson reurges the same contention.

It is clear from the record that Watson has been subjected to a course of procedure that has denied him his right to a prompt and just adjudication of the criminal action pending against him. For this reason we reverse the district court's order denying the petition for habeas corpus.

Watson was arrested in September 1975, but efforts to set a date for a preliminary examination were, up to July of 1976, unsuccessful. The reason for the delay, according to the district attorney, was the existence of an antagonistic relationship between the district attorney and the magistrate in Mountain City. The district attorney maintains that because of this animosity any kind of cooperation between himself and the magistrate was impossible. He, therefore, without conferring with or notifying the magistrate, Watson, or Watson's counsel, arranged, *ex parte,* to have a magistrate from Carlin Township preside at a preliminary examination in Mountain City. Presumably irritated by this challenge to his authority, the Mountain City magistrate blocked this proceeding. The matter then remained unresolved until the indictment was filed in July 1976, nearly ten months after his arrest.

We agree with Watson's contention that the procedural anomalies described above amounted to a denial of due process

of law. "[T]he State's legal representatives [do not] have an unrestricted right to blunder interminably. . . ." State v. Austin, 87 Nev. 81, 83, 482 P.2d 284, 285 (1971). Petty jealousies and distrust among public officials have no place in the criminal process, particularly when the rights of the accused are prejudiced. Accordingly, "in view of the confusion necessarily resulting from the procedures employed by the prosecution," (Broadhead v. Sheriff, 87 Nev. 219, 223, 484 P.2d 1092, 1094 (1971)), we reverse with instructions to the district court to grant appellant's petition for habeas corpus.