141 Nev., Advance Opinion 25

IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Appellant,
vs.
MATTHEW DESAVIO,
Respondent.

No. 86516

**FILED**

MAY 22 2025

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order granting respondent's motion to dismiss a criminal complaint. Eighth Judicial District Court, Clark County; Christy L. Craig, Judge.

*Affirmed.*

Aaron D. Ford, Attorney General, Carson City; Steven B. Wolfson, District Attorney, and Alexander Chen, Chief Deputy District Attorney, Clark County,
for Appellant.

Nancy M. Lemcke, Public Defender, and Arlene Heshmati, Chief Deputy Public Defender, Clark County,
for Respondent.

BEFORE THE SUPREME COURT, PARRAGUIRRE, BELL, and STIGLICH, JJ.

*OPINION*

By the Court, BELL, J.:

To competently answer criminal allegations, defendants must have the present ability to understand the nature and purpose of the

25- 22761

judicial proceedings, and they must be able to reasonably assist in their own defense. In this opinion, we consider whether the dismissal of a criminal charge against respondent Matthew Desavio was an appropriate remedy for the violation of his due process rights caused by a delay in competency restoration treatment while he was incarcerated pending trial.

The State charged Desavio with a felony, but the district court determined that Desavio was incompetent to stand trial and ordered him to be transferred to competency restoration treatment. After the State failed to transfer Desavio for competency restoration treatment, Desavio moved to dismiss the charge. At that point, the district court declined Desavio's request but held the Nevada Division of Public and Behavioral Health (the Division) in contempt and ordered Desavio transferred to the Division for competency restoration treatment within seven days.

The district court's efforts to ensure Desavio's transfer proved unsuccessful. After a nearly 90-day delay in Desavio receiving competency restoration treatment, the district court dismissed the criminal complaint without prejudice. The State appealed, arguing that the district court lacked a legal basis to dismiss the case under the competency statutes and this court's recent decision in *State v. Gonzalez*, 139 Nev., Adv. Op. 33, 535 P.3d 248, 251 (2023). We disagree given that dismissal of a criminal charge may be appropriate to remedy ongoing prejudice and because *Gonzalez* is distinguishable. Therefore, we affirm the district court's order dismissing the complaint.

*FACTS AND PROCEDURAL HISTORY*

The State alleges that Desavio made threats or conveyed false information concerning an act of terrorism. That offense is a category B felony under NRS 202.448(2). According to police reports, Desavio was released from the Southern Hills Behavioral Health Center on October 25,

2022. The following night, Desavio "showed back up" at the facility, parked in the emergency entrance, and repeatedly honked his car horn. A nurse at the facility recognized Desavio as a recent patient and believed he was trying to regain entry to the hospital. The nurse looked Desavio up on social media and saw the following post on Desavio's social media page: "Something BIG is about to hit the Vegas Strip. #October1stwasjustapreview!!!!! Let's F*** shit up before I literally #blowup 'Paradise' NV." After seeing the post, the nurse called the police.

The responding officers contacted Desavio, who admitted to posting the message. Desavio confirmed to the officers that he had been a patient at Southern Hills for multiple mental health diagnoses but had been released and was not current on his medications. Desavio told the officers that he wanted to drive his vehicle into the Mandalay Bay Resort and Casino or the fountains at the Bellagio. When asked if he possessed any explosives, Desavio responded, "only my car." A detective noted that Desavio repeatedly veered "off on some sort of tangent" in response to questioning, including discussing the COVID-19 pandemic and the October 1, 2017, Las Vegas mass shooting. Law enforcement concluded that the posted threats could cause mass panic, and they arrested Desavio.

At the scheduled preliminary hearing, concerns about Desavio's competency arose. The justice court suspended the proceedings and conditionally bound over the matter to the district court. As part of competency proceedings in district court, Desavio was evaluated by three doctors. The district court subsequently reviewed the doctors' reports, determined that Desavio was not competent to stand trial, and concluded that Desavio needed to be committed to the custody of the Administrator of the Division to receive competency restoration treatment.

On January 9, 2023, the district court issued an order of commitment for the purpose of competency restoration treatment. Two months later, Desavio moved to dismiss the criminal charge because he remained in county jail and had not been transferred to a psychiatric hospital for the court-ordered competency restoration treatment. The district court initially declined to dismiss the charge. Instead, the court held the Division in contempt and imposed a $500 fine for each day thereafter that Desavio was not transported. The district court also ordered the State to transport Desavio for competency restoration treatment within seven days.

At the status check eight days later, Desavio had still not been transported. Noting the approximately 90-day delay in transporting Desavio for competency restoration treatment, the district court granted Desavio's motion to dismiss. The State appealed.

## DISCUSSION

The State argues that the district court erred in dismissing the charge against Desavio based on the delay in transferring him for competency restoration treatment. We review the dismissal of criminal charges for an abuse of discretion. *Gonzalez*, 139 Nev., Adv. Op. 33, 535 P.3d at 251. "A district court abuses its discretion if its decision is arbitrary or capricious or if it exceeds the bounds of law or reason." *Id.* (internal quotation marks omitted). In other words, a district court "abuses its discretion when it interferes with the State's right to prosecute by dismissing an accusation without a legal basis to do so." *State v. Brooks*, 687 S.E.2d 631, 634 (Ga. Ct. App. 2009).

*Dismissal under the competency statutes*

The State asserts that the district court lacked a legal basis to dismiss the criminal charge pursuant to NRS 178.425(5). The district court,

however, did not dismiss the criminal complaint pursuant to the competency statutes. Although the district court referenced the competency statutes in determining that the State failed to transport Desavio for competency restoration treatment, it did not make the required finding under NRS 178.425(5) that there was no substantial probability that Desavio would attain competency in the foreseeable future. Instead, the district court dismissed the case based on the Division failing to comply with both the original commitment order—pursuant to NRS 178.425(1)'s mandate "to convey the defendant forthwith" for competency restoration treatment—and the subsequent contempt order that included the directive to transfer Desavio for competency restoration treatment within seven days.

*Dismissal under* State v. Gonzalez

Relying on *Gonzalez*, the State asserts that dismissal is improper to remedy a delay in transferring an incompetent defendant for competency restoration treatment. In *Gonzalez*, the district court dismissed the criminal complaint because the defendant's due process rights were violated by continued detention in jail for 160 days after being ordered for competency restoration treatment. After construing the order as a dismissal *with* prejudice, *Gonzalez*, 139 Nev., Adv. Op. 33, 535 P.3d at 251 n.1, we explained that "[d]ismissing a criminal complaint *with* prejudice is most appropriate upon [(1)] a finding of aggravated circumstances and [(2)] only after a balancing of its deterrent objectives with the interest of society in prosecuting those who violate its laws." *Id.* at 251 (emphasis added) (internal quotation marks omitted). Applying this two-prong inquiry, we concluded that the district court (1) failed to articulate misconduct by the State or prejudice to the defendant to support its finding

that the due process violation warranted dismissal with prejudice and (2) failed to balance the relevant interests. *Id.* at 252-54.

Here, the district court did not specify whether the dismissal was with or without prejudice. Though the State appears to place little significance on that distinction, the distinction dictates both the applicable legal inquiry and the State's ability to refile the charges. Thus, to determine whether the dismissal was improper, we must determine whether the dismissal was with or without prejudice.

When the district court does not specify that a dismissal is with prejudice, we generally presume the dismissal is without prejudice. *Id.* at 251 n.1. We departed from that general rule in *Gonzalez* because the substantive content of the district court's order supported an inference that the dismissal was intended to be *with* prejudice. *See id.* (noting that the district court used language and cited cases that suggested the dismissal was with prejudice, even though the district court did not explicitly say that). Nothing in the order at issue here supports a similar inference. Thus, we apply the general rule and presume that the district court intended to dismiss the charge without prejudice. Having determined the type of dismissal at issue, we now address whether the district court abused its discretion in dismissing the charge without prejudice.

*The district court did not abuse its discretion by dismissing the charge without prejudice*

The State asserts that the district court lacked a legal basis to dismiss the case. It suggests that dismissal is warranted only where the defendant is prejudiced in the ability to receive a fair trial, and that Desavio did not demonstrate any such prejudice to warrant dismissal. We disagree because the State takes too narrow a view of the prejudice necessary to support a dismissal without prejudice. *See Prejudice, Black's Law*

Supreme Court
of
Nevada

(O) 1947A

6

*Dictionary* (12th ed. 2024) (including within the definition of prejudice, "[d]amage or detriment to one's legal rights or claims").

### *Ongoing prejudice constitutes a legal basis for dismissal without prejudice*

In *Gonzalez*, we described dismissal with prejudice as an "extreme remedy." The extremity of dismissal with prejudice is due to its finality. It essentially amounts to a "reward of permanent immunity" for "alleged criminal conduct." *Gonzalez*, 139 Nev., Adv. Op. 33, 535 P.3d at 253 (quoting *United States v. Lawson*, 502 F. Supp. 158, 173 (D. Md. 1980)). "[A]n order dismissing a case with prejudice is a final disposition of the controversy and, unless reversed, is a bar to any further proceedings." *State v. Greenshields*, 932 N.W.2d 903, 906 (N.D. 2019). For this reason, dismissal with prejudice requires aggravated circumstances such as an irremediable "evidentiary taint or prejudice to the defendant's case on the merits." *State v. Babayan*, 106 Nev. 155, 172, 787 P.2d 805, 818 (1990).

In contrast, dismissal *without* prejudice is generally not an inherently final order. *United States v. Yeager*, 303 F.3d 661, 665 (6th Cir. 2002) ("[W]here the dismissal without prejudice did not prevent the government from prosecuting [the defendant] through another indictment, the dismissal without prejudice is not an inherently final decision."). Even so, it "is not a toothless sanction: it forces the Government to obtain a new indictment if it decides to reprosecute." *United States v. Taylor*, 487 U.S. 326, 342 (1988). A dismissal without prejudice, therefore, may be a fitting fix for prejudice to the defendant or prosecutorial shortcomings capable of being cured. *See Babayan*, 106 Nev. at 172, 787 P.2d at 818 (concluding that dismissal without prejudice was appropriate to remedy the prosecution's derelictions during grand jury proceedings). For example, in *Chasing Horse v. Eighth Judicial District Court*, we concluded that "[t]he

combination of . . . two clear errors undermine[d] our confidence in the grand jury proceedings and created intolerable damage to the independent function of the grand jury process." 140 Nev., Adv. Op. 63, 555 P.3d 1205, 1209 (2024). Accordingly, we instructed the district court to dismiss the indictment *without* prejudice based on the State's misconduct during the grand jury proceedings. *Id.* at 1215. Because the situation was curable, we left the door open for reprosecution but admonished the State to "remedy the errors this court has addressed in this opinion." *Id.*

Here, the district court found that the failure to transfer Desavio for competency restoration treatment violated his due process rights, which constitutes prejudice. *See Jackson v. Indiana*, 406 U.S. 715, 738 (1972) ("At the least, due process requires that the nature and duration of commitment bear some reasonable relation to the purpose for which the individual is committed."); *Gonzalez*, 139 Nev., Adv. Op. 33, 535 P.3d at 250 (discussing the "appropriate remedy for the violation of . . . due process rights arising from a delay in competency restoration treatment pending trial"). Because Desavio was deemed incompetent, the prosecution could not move forward. *See Lipsitz v. State*, 135 Nev. 131, 135, 442 P.3d 138, 142 (2019) ("The Due Process Clause of the Fourteenth Amendment provides that a criminal defendant may not be prosecuted if he or she lacks competence to stand trial."); NRS 178.400(1) (providing the same protection, statutorily). Because the State could neither prosecute Desavio nor promptly transfer him for competency restoration, Desavio's continued incarceration could not "be justified by progress toward that goal." *Jackson*, 406 U.S. at 738. Thus, Desavio was incarcerated in a state of legal limbo—he was deemed incompetent to stand trial but detention in the county jail

prevented him from receiving treatment essential for competency restoration.

We conclude that Desavio's continued incarceration without recourse constitutes a legal basis (unalleviated prejudice) that allows for dismissal without prejudice. *See Gonzalez*, 139 Nev., Adv. Op. 33, 535 P.3d at 253 (clarifying that while due process violations "in and of [them]selve[s]" may not support dismissal, unalleviated prejudice" may support dismissal). A legal basis for dismissal, however, does not end the inquiry.

*Propriety of dismissal without prejudice*

"It is well established that district courts enjoy inherent powers to control proceedings before them." *Id.* at 254. But "[i]nherent powers, '[b]ecause of their very potency, . . . must be exercised with restraint and discretion,' and a 'primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process.'" *Sparks v. Bare*, 132 Nev. 426, 433, 373 P.3d 864, 868 (2016) (alteration in original) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991)). Thus, even if there is a legal basis for dismissal, we have recognized that "a lesser sanction may [be] more appropriate to ensure" an incompetent defendant is promptly transferred to a psychiatric facility. *Gonzalez*, 139 Nev., Adv. Op. 33, 535 P.3d at 254.

Regarding alternative remedies, we have determined that the district court may, in its discretion, issue a contempt order and monetary fine to ensure compliance with a competency restoration order. *See Dep't of Health & Hum. Servs. v. Eighth Jud. Dist. Ct. (Aliano)*, 139 Nev., Adv. Op. 28, 534 P.3d 706, 711-12 (2023). Likewise, in *Morgan v. State*, this court determined that the district court did not err in its decision to deny a motion to dismiss and, instead, order the defendant transferred for competency

restoration treatment within seven days. 134 Nev. 200, 204-06, 416 P.3d 212, 219-20 (2018).

The district court here took these exact steps to alleviate delays in Desavio's transfer for competency restoration treatment, but to no avail. To recall, the district court did not initially grant the motion to dismiss; instead, it held the Division in contempt, ordered a fine, and ordered Desavio transported for competency restoration treatment within seven days. *See* NRS 178.425(1) ("[T]he judge shall order the sheriff to convey the defendant *forthwith* . . . into the custody of the Administrator or the Administrator's designee for detention and treatment at a division facility that is secure." (emphasis added)); *Aliano*, 139 Nev., Adv. Op. 28, 534 P.3d at 712 (approving of the district court interpreting "the term 'forthwith' as requiring transport within seven days"). These lesser steps proved ineffective, given that Desavio was not transported and remained in custody without receiving competency restoration treatment. Dismissal without prejudice was thus an appropriate next step. *See United States v. Donnelly*, 41 F.4th 1102, 1107 (9th Cir. 2022) (observing that dismissal may be the only available remedial action where the government fails to comply with a court order to hospitalize an incompetent defendant).

At the end of the day, the State cannot proceed with prosecuting Desavio until he regains competency. *See Lipsitz*, 135 Nev. at 135, 442 P.3d at 142; NRS 178.400(1). Although the prosecution was not directly at fault, Desavio nevertheless was languishing in county jail, in violation of his due process rights. *See Jackson*, 406 U.S. at 738. Furthermore, any "difficulties involving the availability of beds, staffing shortages, or other logistical challenges cannot justify detaining an individual in jail for month after month without recourse." *Gonzalez*, 139 Nev., Adv. Op. 33, 535 P.3d at 253-

54. For incompetent defendants in need of recourse, but for whom dismissal *with prejudice* is too severe, dismissal without prejudice may be an appropriate remedy, particularly under these facts, where the district court first tried other lesser remedies without success.

The district court had legal authority to dismiss Desavio's case and, before exercising that authority, imposed lesser sanctions. "[C]riminal accusations should proceed or terminate on principles compatible with judicial economy, fair play, and reason." *Id.* at 252 (quoting *McNair v. Sheriff*, 89 Nev. 434, 438, 514 P.2d 1175, 1177 (1973)). Under the circumstances presented, we cannot say the district court's decision was arbitrary, was capricious, or exceeded the bounds of law.

## CONCLUSION

We conclude that the district court did not abuse its discretion in dismissing the criminal charge without prejudice. Under the facts of this case, dismissal without prejudice was an appropriate step to remedy the ongoing prejudice to Desavio's due process rights. Therefore, we affirm the district court's order.

_____, J.
Bell

We concur:

_____, J.
Parraguirre

_____, J.
Stiglich