## GEORGE DANIEL BUSTOS, Appellant, v. SHERIFF, CLARK COUNTY, NEVADA, Respondent.

### No. 6635

December 29, 1971            491 P.2d 1279

*George Foley,* of Las Vegas, for Appellant.

*Robert List,* Attorney General, *Roy A. Woofter,* District Attorney, and *Charles L. Garner,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, Thompson, J.:

This is an appeal from a district court denial of habeas corpus. The petition for discharge from restraint alleged that the justice of the peace illegally granted a continuance of a scheduled preliminary examination in that he failed to honor the directive of Hill v. Sheriff, 85 Nev. 234, 452 P.2d 918 (1969). In that case we ruled that the "reasons underlying DCR 21 are equally appropriate to the continuance of a criminal proceeding in the justices' court" and that statutory "good cause" for continuance [NRS 171.196(2)] contemplates that the party seeking a continuance of a preliminary examination upon the ground of the absence of witnesses must prepare and submit to the magistrate an affidavit stating the names of the absent witnesses and their present residences if known, the diligence used to procure their attendance, a brief summary of their expected testimony and whether the same facts can be proven by other witnesses, when it was first learned that the attendance of the witnesses could not be obtained, and that the continuance was sought in good faith and not for delay.

The intendment of Hill, supra, has since been applied to related situations wherein there was a willful failure of the prosecution to comply with important procedural rules, Maes v. Sheriff, 86 Nev. 317, 468 P.2d 332 (1970), and where the prosecutor had exhibited a conscious indifference to rules of procedure affecting the defendant's rights, State v. Austin, 87 Nev. 81, 482 P.2d 284 (1971).

In the case at hand, however, the magistrate and apparently the district court as well, believed that the circumstances were different from those presented to the court in Hill, Maes, and State v. Austin. For example, in Hill the prosecutor had not caused subpoenas to be issued and served upon the witnesses. Here, subpoenas were issued and served upon the witnesses almost one month before the scheduled hearing and the prosecutor did not learn of their unavailability until he appeared for the hearing. There is nothing in the record to suggest a "willful disregard" of the rules, Maes v. Sheriff, supra, nor a "conscious indifference to the rights of the defendant," State v. Austin,

supra. Consequently, the respondent contends that the magistrate acted within permissible limits in granting a one week continuance without requiring compliance with Hill v. Sheriff, supra, and that the district court did not err in denying habeas relief.

The prophylactic effect of the doctrine of Hill is worthwhile. A prosecutor should be prepared to present his case to the magistrate at the time scheduled or show good cause for his inability to do so. This is not an unfair burden. The business of processing criminal cases will be frustrated if continuances are granted without good cause.

The problem posed here is one of time. The prosecutor did not learn that the witnesses would not be present until he appeared for the hearing. Until that moment he had every reason to believe that the subpoenas would be obeyed. The prosecutor did not have time to prepare a "Hill affidavit" in support of his request for a continuance. In these circumstances the prosecutor need only be sworn and orally testify to the same factual matters that would be stated in affidavit form were time available to prepare one. This procedure would satisfy the purposes of the Hill doctrine and establish a record for review.

In this case it is reasonably clear that the prosecutor could have shown good cause had the magistrate required his sworn testimony in lieu of affidavit, and since this method of showing cause has not heretofore been suggested we shall not fault the magistrate for granting a continuance in this instance, nor the district court for denying habeas relief. Hill v. Sheriff, supra.

Affirmed.

ZENOFF, C. J., BATJER, MOWBRAY, and GUNDERSON, JJ., concur.