BENJAMIN ANTHONY SALAS, Appellant, v. SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 8540

December 24, 1975                    543 P.2d 1343

*Morgan D. Harris,* Public Defender, and *Kelly H. Swanson,* Deputy, Clark County, for Appellant.

---

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *H. Leon Simon,* Deputy, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Benjamin Anthony Salas duly and timely appeared in a magistrate's court in Las Vegas for a scheduled preliminary examination on a burglary charge.

Although the criminal complaint alleged that Salas had, during the night, broken and entered a "shed" in the backyard of premises occupied by the alleged victim, and removed certain goods therefrom, the only evidence of record showed that the "goods" were picked up by Salas from a nearby vacant lot at midday.

The chief prosecution witness was the occupant of the premises where the alleged burglary took place. She testified that she was not the owner of the goods which were allegedly taken and that she could not identify them.

At this juncture the prosecuting attorney, under the ostensible authority of Bustos v. Sheriff, 87 Nev. 622, 491 P.2d 1279 (1971), gave sworn testimony that he was "surprised" that the occupant of the premises was not the victim of the "alleged" burglary. On the basis of the sworn statement the magistrate granted, over objection, the prosecuting attorney's motion to continue the hearing.

Salas then sought, but was denied, habeas and in this appeal he contends we must reverse. We agree.

In McNair v. Sheriff, 89 Nev. 434, 514 P.2d 1175 (1973), we charted the case history of the court's concern "that criminal accusations should proceed or terminate on principles compatible with judicial economy, fair play and reason; . . ." Id., 89 Nev. at 438, 514 P.2d at 1177. There, we also noted that our opinion in *Bustos,* allowed a continuance to be granted for legitimate emergencies. For example: ". . . if surprised by absence of a subpoenaed witness, a prosecutor may orally move

for continuance on his own sworn testimony." Id., 89 Nev. at 438, 514 P.2d at 1177.

Here the necessary *witness had not been subpoenaed* and the prosecutor offered no legal reason for his failure to arrange for the appearance of the necessary witness and to have been prepared to go forward with the preliminary examination.

The magistrate should not have granted the continuance; accordingly, we reverse and remand this case to the district court with instructions to grant the petition for the writ of habeas corpus.