ROLIN K. STUTES, APPELLANT, v. SHERIFF, CARSON CITY, NEVADA, RESPONDENT.

No. 8703

March 25, 1976          547 P.2d 319

*Cromer, Barker & Michaelson,* and *Victor Alan Perry,* Reno, for Appellant.

*Robert List,* Attorney General; *Michael E. Fondi,* District Attorney, and *Terry A. Friedman;* Deputy, Carson City, for Respondent.

## OPINION

*Per Curiam:*

This record establishes Rolin K. Stutes' was charged, by criminal complaint, with four (4) separate counts of possession of controlled substances. Stutes was admitted to bail and when he timely appeared for his scheduled preliminary examination on December 11, 1975, the charges were dismissed because the prosecuting attorney was not prepared to proceed. However, Stutes did not achieve freedom, as he was immediately arrested and charged with another felony, "sale" of a controlled substance (NRS 453.321). He was brought before the magistrate on this charge December 16, 1975, at which time preliminary examination was set for December 30, 1975. For reasons which were undocumented in the records of the justice court the preliminary was continued to January 22, 1976, at which time the prosecuting attorney made no attempt to go forward with the scheduled preliminary, or to seek a continuance pursuant to DCR 21. Cf. Bustos v. Sheriff, 87 Nev. 622, 491 P.2d 1279 (1971). At that hearing defense counsel, noting that Stutes had been incarcerated on the "sale" charge since December 11, 1975, [42 days] without having waived the 15 day rule, or being afforded a bail hearing, moved the magistrate to either set bail or dismiss the charge. The magistrate dismissed the complaint.

The following day, January 23, 1976, a five (5) count indictment was filed charging Stutes with the sale of a controlled substance, and four (4) counts of possession of controlled substances. The sale count was for the same offense the magistrate had dismissed the previous day; and, the four (4) possession counts were the same as those which had been dismissed December 11, 1975. After the indictment was challenged by a timely filed petition for habeas corpus, the district court denied relief and the matter is now before us on appeal.

Stutes contends we are compelled to reverse because, under the decisions of this court, he is not subject to prosecution under the indictment. We agree.

The prosecutor has, in our view, failed as a matter of law to sustain his ". . . burden of showing an excuse when he has occasioned a dismissal by failing to make a proper motion." McNair v. Sheriff, 89 Nev. 434, 438, 514 P.2d 1175, 1177 (1973).

We therefore reverse and remand, with instruction to grant a writ of habeas corpus as to the charges in the indictment.[1]

---

[1]There are other viable charges against Stutes which were unsuccessfully challenged in a separate appeal.