MONIQUE RENEE STREITENBERGER, Appellant, v.
SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 10361

December 30, 1977                            572 P.2d 931

[Rehearing denied January 25, 1978]

*Mills, Galliher & Lukens*, Las Vegas, for Appellant.

*Robert List*, Attorney General, Carson City; *George E.
Holt*, District Attorney, and *L. J. O'Neale*, Deputy District
Attorney, Clark County, for Respondent.

**OPINION**

*Per Curiam:*

Appellant duly and timely appeared in a magistrate's court
in Las Vegas for a scheduled preliminary examination. The
prosecution did not subpoena a necessary witness and rested
its case without having presented sufficient evidence to estab-
lish that appellant had probably committed the charged offense
(leaving the scene of an accident, NRS 484.219).

The magistrate denied appellant's motion to dismiss the

charge and, *sua sponte,* gave the deputy district attorney a several hour continuance to come up with a "Hill" affidavit (Hill v. Sheriff, 85 Nev. 234, 452 P.2d 918 (1969)), or to offer a "Bustos" declaration (Bustos v. Sheriff, 87 Nev. 622, 491 P.2d 1279 (1971)). The prosecuting attorney did neither. Nevertheless, the magistrate declined to dismiss the case and granted a continuance. Appellant sought habeas and has appealed from the order denying the requested relief.

In a case involving remarkably similar facts, we said that where, as here, "the prosecutor offered no legal reason for his failure to arrange for the appearance of the necessary witness and to have been prepared to go forward with the preliminary examination[,]" that "[t]he magistrate should not have granted the continuance; . . ." Salas v. Sheriff, 91 Nev. 802, 804, 543 P.2d 1343, 1344 (1975). Accordingly, we reverse and remand this case to the district court with instructions to grant the petition for the writ of habeas corpus.