NATHANIEL REASON, Appellant, *v.* SHERIFF,
CLARK COUNTY, NEVADA, Respondent.

No. 10755

June 8, 1978                                                579 P.2d 781

*Morgan D. Harris,* Public Defender, and *Terrence M. Jackson,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *L. J. O'Neale,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Nathaniel Reason duly and timely appeared in a magistrate's court in Las Vegas for a scheduled preliminary examination. The prosecuting attorney was not prepared to go forward because he had not arranged to have "certain necessary physical evidence" available at the hearing.

Reason's motion to dismiss was denied and the hearing was continued on the oral request of the prosecuting attorney. Reason then petitioned for habeas corpus and has appealed from the order denying the requested relief.

We have previously held that when a prosecuting attorney is not prepared to go forward with a scheduled preliminary examination he may set forth reasons why he may be entitled to a

continuance by filing an affidavit pursuant to DCR 21. *See* Hill v. Sheriff, 85 Nev. 234, 452 P.2d 918 (1969). We have also held that, under certain circumstances, the prosecuting attorney may show the reasons that may warrant a continuance by tendering "sworn testimony" in lieu of the written affidavit required by *Hill*. Bustos v. Sheriff, 87 Nev. 622, 491 P.2d 1279 (1971).

Here, the prosecuting attorney neither filed an affidavit nor tendered sworn testimony. Rather, he took the position that it was the responsibility of the accused to arrange to have the physical evidence of the alleged crime before the magistrate. We decline to accept this novel argument. Alternatively, it is suggested that *Hill* and *Bustos* are distinguishable and therefore inapplicable because their requirements only apply when a witness fails to appear and not when there is a failure to have the incriminating evidence brought to the hearing. the suggested distinction is not persuasive.

Accordingly, we reverse and remand this case to the district court with instructions to grant Nathaniel Reason's petition for the writ of habeas corpus. *See* McNair v. Sheriff, 89 Nev. 434, 514 P.2d 1175 (1973).