WILLIE FRED ORMOUND, APPELLANT, v. SHERIFF, CLARK COUNTY, NEVADA, RESPONDENT.

No. 11467

February 28, 1979                    591 P.2d 258

174

[Rehearing denied July 6, 1979]

*Morgan D. Harris,* Public Defender, and *William P. Henry,* Deputy Public Defender, Clark County, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *M. Douglas Whitney,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

The sole question before us on this appeal from an order denying a petition for a writ of habeas corpus is whether the

district court improperly granted a continuance of the preliminary examination due to the absence of the prosecuting witness. We agree with the appellant's contention that the continuance was improperly granted.

Our prior decisions have established that where a legal means of compelling the attendance of a witness is available, that method must be utilized before the good cause requirement of DCR 21 is met. *See* Salas v. Sheriff, 91 Nev. 802, 543 P.2d 1343 (1975). Here, the prosecuting witness was a resident of Virginia. The prosecuting attorney stated that a Nevada Justice's Court subpena had been mailed to the witness's Virginia address and a deputy district attorney had a telephone conversation with the witness and advised her of the necessity of her testimony. Such informal methods do not satisfy the requirement of DCR 21 because the legal force of a Nevada Justice's Court subpena is limited to the State of Nevada. *See* NRS 174.315 and NRS 174.365.

Moreover, the prosecuting attorney had available to him the provisions of the Uniform Act To Secure the Attendance of Witnesses From Without a State in Criminal Proceedings. *See* NRS 174.395–445. The Act delineates a specific procedure to compel a witness residing in a foreign state to appear in a criminal proceeding in Nevada. We hold that the procedures of the Act must be utilized to support a finding that the prosecuting attorney has made a good faith effort to obtain the attendance of a necessary witness who resides in another state where the Act has been adopted.[1] *Cf.* State v. Kim, 519 P.2d 1241 (Hawaii 1974); Brooks v. State, 371 A.2d 674 (Md. Ct.Spec.App. 1977). Here, the prosecuting attorney's disregard of the provisions of the Act constitutes a willful failure to comply with important procedural rules. *See* Maes v. Sheriff, 86 Nev. 317, 468 P.2d 332 (1970). Accordingly, the order of the district court is reversed.

[1]The Uniform Act To Secure the Attendance of Witnesses From Without a State in Criminal Proceedings has been adopted in Virginia. *See* Va. Code §§ 19.2-272 to -282. We express no opinion on what efforts must be made to secure the attendance of a witness who resides in a state that has not adopted the Act.