## SHERIFF, CLARK COUNTY, NEVADA, Appellant, v. MICHAEL SMITH, Respondent.

No. 12571

April 30, 1980                                     609 P.2d 1236

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *Joel M. Cooper,* Deputy District Attorney, Clark County, for Appellant.

*Morgan D. Harris,* Public Defender, and *Michael L. Miller,* Deputy Public Defender, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Respondent Michael Smith was charged in a criminal complaint with (1) battery with intent to commit robbery (NRS 200.400), and (2) conspiracy to commit robbery (NRS 199.480). A preliminary examination was scheduled in the justice's court for February 26, 1980. On that day the prosecution filed a motion for a continuance supported by an affidavit stating that the victim of the crime, Joseph Wisniewski, who was an essential witness, was unable to be present. Wisniewski, a resident of Illinois, could not travel to Nevada on the day the preliminary examination was scheduled because of inclement

weather at O'Hare Airport in Chicago, but could be present shortly thereafter.

The magistrate granted a continuance for one day. Respondent then filed a petition for a writ of habeas corpus in the district court contending our holding in Ormound v. Sheriff, 95 Nev. 173, 591 P.2d 258 (1979) required that the charges be dismissed. The district judge agreed and granted the petition. This appeal followed.

In *Ormound* we held that "the procedures of the [Uniform Act To Secure the Attendance of Witnesses From Without a State in Criminal Proceedings, NRS 174.395 *et seq.*] must be utilized to support a finding that the prosecuting attorney has made a good faith effort to obtain the attendance of a necessary witness who resides in another state where the Act has been adopted." *Id.* at 175, 591 P.2d at 259. In *Ormound* the prosecution's disregard of the aforementioned act constituted willful failure to comply with important procedural rules, thus precluding the granting of a continuance under DCR 21 (now DCR 14).

In the instant case, the district judge, following *Ormound,* granted the habeas petition because the prosecution had not utilized the act to secure the attendance of Wisniewski. However, we believe that in the context of this case, the rule set forth in *Ormound* does not apply. Here, it was not necessary to use the provisions of the act to secure Wisniewski's attendance because he was willing and prepared to travel to Nevada. The sole reason for his failure to appear at the appointed time was inclement weather, not a lack of good faith efforts on the part of the prosecution.

Under these circumstances, a willful failure to comply with important procedural rules did not occur, and the magistrate properly granted the continuance. Accordingly, the order of the district court granting the petition for a writ of habeas corpus is reversed and this case is remanded for further proceedings.