OSSIE LEE BANKS, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 16029

December 20, 1985                           710 P.2d 723

*Morgan D. Harris,* Public Defender; *Robert D. Larsen,* Assistant Public Defender; *Robert L. Miller,* Deputy Public Defender, Clark County, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Robert J. Miller,* District Attorney; *James Tufteland,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

A jury found appellant guilty of one count each of battery with the intent to commit a crime and sexual assault. Appellant contends on appeal that the district court abused its discretion in denying appellant's motion to continue the trial for one day to permit a witness snowbound in Chicago to travel to Nevada. Because we conclude that the witness's testimony would have been material to appellant's defense, we reverse and remand for a new trial.

Prosecutrix Christy Davis testified that she and appellant had lived together from April, 1983 to August, 1983. In August, appellant moved out of Christy's apartment at her request. On the morning of October 11, 1983, appellant went to Christy's apartment, which Christy shared with her nine-year-old son, Symaron, and asked her where she had been the night before. When Christy replied that she had been out with friends, appellant struck her. Christy also testified that appellant sexually assaulted her three times that morning.

In between the first and second sexual assaults, appellant ordered Christy to dress Symaron and send him to school. Christy mouthed the words "call the police" to Symaron while

helping him dress. Symaron left the apartment and went next door for help. Symaron and the next-door neighbor walked to a nearby convenience store to call the police. The police did answer a call regarding a domestic disturbance at Christy's apartment, but they left when no one answered the door. Christy testified that appellant would not allow her to answer the door when the police knocked.

Appellant testified to a completely different version of his visit to Christy's apartment on the morning of October 11, 1983. According to appellant, Christy had confronted him the night before with a picture of appellant embracing another woman, Jan Vidakovich. Appellant left the apartment that night and returned the next morning to tell Christy he was leaving her. Appellant testified that he slapped Christy, causing her to strike her left cheek on a bedpost, after she kicked him in the groin. Appellant insisted that he and Christy did not have sexual intercourse, consensual or assaultive, that morning.

At trial appellant's counsel orally moved to continue the trial for one day to permit an absent witness, Jan Vidakovich, to travel from Chicago, where she was snowbound, to Nevada. Pursuant to District Court Rule 14, appellant's counsel was sworn and testified that, if called to the stand, Vidakovich would testify that Christy had seen Vidakovich on previous occasions, which would have directly contradicted Christy's testimony that she had never seen Vidakovich before and was not jealous of Vidakovich. Had Vidakovich testified in this manner, her testimony would have also corroborated appellant's defense theory as explained below.[1]

The decision to grant a continuance is within the discretion of the trial court. Zessman v. State, 94 Nev. 28, 31, 573 P.2d 1174, 1177 (1978). In exercising its discretion in ruling on a motion for a continuance, the district court is instructed by Rule 14 to consider "whether or not the same facts can be proven by other witnesses . . . *whose attendance . . . might have been obtained.*" DCR 14(c). (Emphasis added.) Thus the rule contemplates not only the *existence* of witnesses who may testify to the same facts but also their *availability.*

The district court denied the motion to continue because it believed that Vidakovich's testimony was not essential to appellant's case and that other witnesses could testify to the same facts. The record indicates, however, that defense counsel informed the court that he had been unable to procure other witnesses to testify to the substance of Vidakovich's testimony. Vidakovich appears

---

[1]The record also indicates that counsel had exercised due diligence in securing Vidakovich's presence by making housing and travel arrangements.

to have been the only witness available to testify that Christy had seen her and that Christy was jealous. Thus, we conclude that the district court either misapprehended counsel's statements or overlooked the relevant considerations outlined in Rule 14.

We further conclude that Vidakovich's testimony was material to appellant's defense. Appellant theorized that Christy had fabricated the charges against him because she was jealous of appellant's relationship with Vidakovich. Vidakovich's testimony would have corroborated appellant's testimony and contradicted Christy's. Where, as here, the jury's determination of guilt or innocence heavily depends upon their assessment of the credibility of the defendant and the prosecutrix, testimony which corroborates one party and discredits the other is material and essential. In a similar case, we approved a magistrate's decision to grant a one-day continuance where an essential witness was absent because of inclement weather. *See* Sheriff v. Smith, 96 Nev. 381, 609 P.2d 1236 (1980).

We conclude that the district court abused its discretion in refusing to grant a continuance. Because appellant was deprived of the opportunity to present testimony material to his defense, we cannot say that the abuse was harmless beyond a reasonable doubt. *See* Zessman v. State, 94 Nev. at 31, 573 P.2d at 1177. Accordingly, we reverse and remand for a new trial.[2]

---

[2]We need not review appellant's remaining assignment of error since the error is now conceded by respondent and therefore will not recur upon retrial.