SHERIFF, CLARK COUNTY, NEVADA, JOHN MORAN, Appellant, v. JOHN F. SIMPSON, III, Respondent.

No. 23545

April 27, 1993          851 P.2d 428

[Rehearing denied July 7, 1993]

*Rex Bell,* District Attorney, Clark County, for Appellant.

*William S. Skupa,* Las Vegas, for Respondent.

# OPINION

*Per Curiam:*

According to respondent Simpson's petition for a writ of habeas corpus, a criminal complaint was filed on October 2, 1991, charging Simpson with one count of leaving the scene of an accident. A preliminary hearing was scheduled for January 17, 1992, at which time Simpson appeared with his attorney, ready to proceed. The deputy district attorney handling Simpson's case informed the court that he was unable to proceed because a necessary prosecution witness was not present. In accordance with Bustos v. Sheriff, 87 Nev. 622, 623, 491 P.2d 1279, 1280 (1971), the deputy district attorney made a motion for a continuance, and was sworn to tell the truth. The crux of the deputy district attorney's testimony was that he was surprised that the necessary witness had not appeared because a subpoena had been mailed to her on January 6, 1992. When the deputy district attorney received the case and realized that the witness had not responded to the subpoena, he sent an investigator to try to serve her personally the night before the preliminary hearing. Although the investigator did not succeed in serving the witness with a subpoena, the investigator left the subpoena with a woman who claimed to be the witness's grandmother and who said that she would give the subpoena to the witness. The court denied the deputy district attorney's motion for a continuance and dismissed the complaint against Simpson.[1]

---

[1] In an affidavit attached to the state's return to the writ of habeas corpus, the deputy district attorney stated that he first received the case file regarding Simpson on the afternoon of January 15, 1992. After receiving the file, the deputy district attorney noticed the absence of a subpoena return for witness Lisa Allen. Subpoenas had previously been issued on January 7, 1992. The deputy district attorney attempted to contact Allen by telephone no less than four times on January 16, 1992, calling Allen at both her residence and her place of work. He never reached Allen. The deputy district attorney did speak once with an unidentified individual at Allen's residence, who acknowledged that Allen resided there and said that he would give Allen the deputy district attorney's phone number and ask Allen to telephone him.

At approximately 3:45 p.m. the deputy district attorney spoke with his "team chief," who authorized overtime pay for the state's investigator to personally serve Allen at her residence that evening. At approximately 5:30 p.m., the deputy district attorney again attempted to telephone Allen, but was unsuccessful. The state's investigator called the deputy district attorney at approximately 8:30 p.m. and informed him that he had spoken with Allen's grandmother at Allen's place of residence between 7:00 and 8:00 p.m. Allen's grandmother informed the investigator that Allen would not be returning home that evening until well after midnight. Allen's grandmother stated that she would see to it that Allen received the subpoena and that Allen appeared in court the following morning. The deputy district attorney ended his affidavit with the statement that he summarized all of the above facts when he moved for a continuance in justice's court.

On January 30, 1992, the Clark County grand jury heard testimony on a proposed indictment charging appellant with the same offense which had previously been dismissed in justice's court. The grand jury returned a true bill, and the state filed an indictment against Simpson on January 31, 1992.

On March 17, 1992, Simpson filed in the district court a petition for a writ of habeas corpus. In his petition, Simpson contended that (1) it was illegal for the state to indict him after the same charge had been dismissed by the justice's court; (2) no legal evidence showed that the alleged crime occurred less than three years before the indictment, as required by NRS 171.085; and (3) no legal evidence showed that respondent was the person who committed the crime.

A hearing on Simpson's petition was held in district court on March 30, 1992. At the hearing, the arguments centered on Simpson's contention that it was illegal for the state to indict him after the same charge had been dismissed in justice's court. The district court apparently accepted defense counsel's argument that the state's efforts to subpoena the necessary witness for the preliminary hearing were insufficient, as it stated:

> All right, counsel. I don't think that all that was previously said to be required was done in this case. I am going to grant the petition.

This statement is the only indication in the record of the basis for the district court's granting of the petition, as the two orders granting Simpson's petition contain no findings of fact or conclusions of law. Because we do not know the basis of the district court's decision, we must consider each of the contentions raised by Simpson and determine if any of them could have properly served as the basis for the district court's order.

In his petition and at the hearing, Simpson argued that he could not be indicted on a charge previously dismissed because the state had failed to subpoena a necessary witness to the preliminary hearing. In Maes v. Sheriff, 86 Nev. 317, 319, 468 P.2d 332, 333 (1970), this court set forth the following standard:

> A new proceeding for the same offense (whether by complaint, indictment or information) is not allowable when the original proceeding has been dismissed due to the willful failure of the prosecutor to comply with important procedural rules.

In State v. Austin, 87 Nev. 81, 482 P.2d 284 (1971), this court rejected the state's argument that the holding in *Maes* applied only when the state's failure to comply with important procedural

rules was intentional. This court stated, "A reading of the *Maes* case, in the light of its facts, should have made it evident that its ruling applies equally to situations where there has been conscious indifference to rules of procedure affecting a defendant's rights." *Austin,* 87 Nev. at 83, 482 P.2d at 285 (footnote omitted).

In McNair v. Sheriff, 89 Nev. 434, 514 P.2d 1175 (1973), this court explained the handling of this type of case as follows:

> Furthermore, when a justice court has dismissed a charge that subsequently is refiled, our rulings contemplate that it is the district court which decides whether a prosecutor has been "willful" or "consciously indifferent" so as to be barred from instituting a second prosecution. Stockton v. Sheriff, 87 Nev. 94, 95, 482 P.2d 285, 286, n. 1 (1971). As noted, the prosecutor bears the burden of justifying delay when he moves for a continuance; thus, *a fortiori,* he must bear the burden of showing an excuse when he has occasioned a dismissal by failing to make a proper motion. However, where the record contains a basis for finding something other than "willful disregard" or "conscious indifference," we have upheld the district court's determination. Thus, in Johnson v. Sheriff, 89 Nev. 304, 511 P.2d 1051 (1973), we affirmed a district court's denial of habeas corpus, although a prosecutor's oversight had caused dismissal of justice court proceedings, where the record supported a finding that the prosecutor's omission resulted from mere unfamiliarity with his obligations.

*Id.* at 438-39, 514 P.2d at 1177-78 (footnote omitted).

In summary, under *Maes* and *Austin,* a second prosecution is barred where the original proceeding has been dismissed due to the prosecutor's willful failure to comply with procedural rules, or conscious indifference to procedural rules. In *McNair,* this court explained that it is the district court which decides whether the prosecutor's behavior demonstrates "willful failure" or "conscious indifference."

In the instant case, the district court failed to make findings as to whether the prosecutor's behavior demonstrated willful failure or conscious indifference. We conclude, however, that under the particular facts of this case, the prosecutor's behavior did not demonstrate either willful failure or conscious indifference. *Cf.* Sheriff, Nye County v. Davis, 106 Nev. 145, 787 P.2d 1241 (1990) (conscious indifference found where prosecutor filed charges he knew or should have known were time-barred, was unprepared for the preliminary examination, and created his own dilemma by not removing himself from the case although he had

known of defense counsel's intention to subpoena him for over two months); Ormound v. Sheriff, 95 Nev. 173, 591 P.2d 258 (1979) (willful failure found where prosecutor failed to utilize uniform act to obtain the attendance of a non-resident witness at a preliminary hearing); Salas v. Sheriff, 91 Nev. 802, 543 P.2d 1343 (1975) (magistrate should not have granted continuance of preliminary hearing where a necessary witness had not been subpoenaed, the prosecutor gave no legal reason for his failure both to arrange for the necessary witness to be present and to have been prepared to go forward with the preliminary examination); McNair v. Sheriff, 89 Nev. 434, 514 P.2d 1175 (1973) (conscious indifference found where prosecutor appeared at preliminary hearing unprepared to proceed, never provided any explanation for being unprepared, and made only an oral motion for a continuance supported by neither affidavit nor sworn statement). Accordingly, we conclude that the district court could not have properly granted Simpson's petition for a writ of habeas corpus based on a finding of willful failure or conscious indifference on the part of the prosecutor.

Simpson's second contention in support of his petition for a writ of habeas corpus was that the state failed to establish that the indictment was found within three years.[2] Our review of the grand jury transcript, however, reveals that the evidence presented to the grand jury, when taken as a whole, established that the crime in question occurred on October 4, 1991. The grand jury hearing was held on January 30, 1992, well within the three-year time limit of NRS 171.085(2).

Simpson's third contention in support of his petition for a writ of habeas corpus was equally meritless. Appellant contended that he was not identified before the grand jury through legal evidence, to the exclusion of hearsay evidence. *See* NRS 172.135. This court has stated:

> [T]he legal efficacy of an indictment will be sustained if there has been presented to the grand jury the slightest sufficient legal evidence and best in degree even though

---

[2]NRS 171.085(2) provides:

Any other felony than murder, theft, robbery, burglary, forgery, arson or sexual assault must be found, or an information or complaint filed, within 3 years after the commission of the offense.

NRS 171.100 provides:

An indictment is found, within the meaning of this chapter, when it is presented by the grand jury in open court, and there received and filed.

inadmissible evidence may also have been adduced contrary to NRS 172.135. Robertson v. State, 84 Nev. 559, 445 P.2d 352 (1968).

Franklin v. State, 89 Nev. 382, 387, 513 P.2d 1252, 1256 (1973). This court has repeatedly described sufficient legal evidence to support an indictment as follows:

> The finding of probable cause may be based on slight, even "marginal" evidence, Sheriff v. Badillo, 95 Nev. 593, 600 P.2d 221 (1979); Perkins v. Sheriff, 92 Nev. 180, 547 P.2d 312 (1976), because it does not involve a determination of the guilt or innocence of an accused. *See* Kinsey v. Sheriff, 87 Nev. 361, 487 P.2d 340 (1971).

Sheriff v. Hodes, 96 Nev. 184, 186, 606 P.2d 178, 180 (1980).

In the instant case, there was at least slight evidence identifying Simpson as the person who committed the crime in question. Specifically, Officer Stelk testified that the car the victim identified as the car that struck her was registered to "John F. Simpson." Further, Officer Stelk found two identification cards in the car in the name of "John F. Simpson, III." Therefore, there was sufficient legal evidence of Simpson's identity to support an indictment.

In conclusion, none of the contentions raised by Simpson constitute a basis for habeas corpus relief, and the district court erred in granting Simpson's petition. Accordingly, we reverse the order of the district court granting Simpson's petition for a writ of habeas corpus, and we remand this mater for further proceedings.