SHERIFF, CLARK COUNTY, Appellant, *v.* MICHELLE
LYNN TERPSTRA, Respondent.

No. 25137

July 19, 1995

899 P.2d 548

*Frankie Sue Del Papa,* Attorney General, Carson City; *Stewart
L. Bell,* District Attorney, Clark County, for Appellant.

*Gary L. Redmon,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order of the district court granting respondent's pretrial petition for a writ of habeas corpus.

On August 9, 1993, respondent Michelle Terpstra appeared in justices' court for a scheduled preliminary hearing on fraudulent use of a credit card charges. The prosecution filed a motion for a continuance of the preliminary hearing. The motion for a continuance was supported by an affidavit stating that: (1) the victim, the essential witness for the state, lived in Oregon; (2) a justices' court subpoena was issued to the victim on July 8, 1993, but the victim informed the Victim-Witness Assistance Center (VWAC) that she would not be available to testify because of a preplanned trip to Florida; (3) the state asked VWAC to obtain specific travel dates from the victim, but VWAC could only reach an answering machine; (4) the state hoped the victim would be available a month later; and (5) the prosecutor had not learned of the victim's unavailability until July 30, 1993.

Terpstra opposed the continuance because the state had not utilized the Uniform Act To Secure the Attendance of Witnesses From Without a State in Criminal Proceedings (Uniform Act). *See* NRS 174.395-174.445. The justices' court granted the continuance. Terpstra filed in the district court a pretrial petition for a writ of habeas corpus, contending that she was being unlawfully detained in violation of Ormound v. Sheriff, 95 Nev. 173, 591 P.2d 258 (1979), discussed below. The district court granted the petition. The state contends that the district court erred in granting the petition. We agree.

A prosecutor must be prepared to present his case at the time scheduled or show "good cause" for his inability to do so. Bustos v. Sheriff, 87 Nev. 622, 623, 491 P.2d 1279, 1279 (1971). A prosecutor seeking a continuance of a preliminary examination because of absent witnesses can demonstrate "good cause" by submitting an affidavit which states:

> the names of the absent witnesses and their present residences if known, the diligence used to procure their attend-

ance, a brief summary of their expected testimony and whether the same facts can be proven by other witnesses, when it was first learned that the attendance of the witnesses could not be obtained, and that the continuance was sought in good faith and not for delay.

*Bustos* at 623, 491 P.2d at 1279.[1] It has long been our aim that "criminal accusations should proceed or terminate on principles compatible with judicial economy, fair play and reason," and we have attempted to apply the above rules "firmly, consistently, but realistically." McNair v. Sheriff, 89 Nev. 434, 438, 514 P.2d 1175, 1177 (1973).

Thus, we held in *Bustos* that a prosecutor who is legitimately surprised by the absence of a subpoenaed witness could demonstrate good cause for a continuance. On the other hand, in Salas v. Sheriff, 91 Nev. 802, 543 P.2d 1343 (1975), we concluded that a prosecutor who had not subpoenaed a necessary witness had not demonstrated good cause. This court held that the magistrate should not have granted a continuance because "the necessary *witness had not been subpoenaed* and the prosecutor offered no legal reason for his failure to arrange for the appearance of the necessary witness . . . ." *Id.* at 804, 543 P.2d at 1344. (Emphasis in original.)

Thereafter, this court decided Ormound v. Sheriff, 95 Nev. 173, 591 P.2d 258 (1979), the case upon which appellant relies. In *Ormound*, the prosecution: (1) mailed a Nevada justices' court subpoena to a Virginia resident's address; and (2) advised the Virginia resident by telephone of the necessity of her testimony. The witness did not appear at the preliminary hearing. The lower court granted the prosecution a continuance. This court concluded that the prosecution had not demonstrated "good cause" for the continuance. In reaching this conclusion, *Ormound* states: "Our prior decisions have established that where a legal means of compelling the attendance of a witness is available, that method must be used before the good cause requirement . . . is met." *Id.* at 175, 591 P.2d at 259 (citing *Salas*). This court then found that the prosecution had not availed itself of a legal means of compelling the presence of the Virginia witness because: (1) the justices' court subpoena had no legal force outside of Nevada; and (2) the prosecution could have used the Uniform Act. *Id. Ormound* then holds that:

[T]he procedures of the [Uniform] Act must be utilized to support a finding that the prosecuting attorney has made a

---

[1] If there is no time to prepare and submit an affidavit, the prosecutor may be sworn and give oral testimony to the facts that would have been put in an affidavit. *Bustos* at 624, 491 P.2d at 1280.

good faith effort to obtain the attendance of a necessary witness who resides in another state where the Act has been adopted.

*Id.* The statement on which *Ormound's* holding is premised, however, is incorrect.

Neither *Salas* nor *Bustos* contained the blanket requirement that a legal means of compelling the attendance of a witness must be used in order to demonstrate "good cause." Rather, *Bustos* held that a prosecutor who subpoenaed an absent witness had demonstrated "good cause," and *Salas* held that a prosecutor who had not subpoenaed his absent witness, *and who had shown no legal reason for his failure to arrange for the appearance of the witness,* had not demonstrated "good cause." Thus, *Salas* anticipated the possibility that a prosecutor could have a valid reason for the absence of a witness, *i.e.* "good cause," even if the witness had not been subpoenaed. There may be circumstances where a prosecutor can demonstrate "good cause" for a continuance based upon an absent witness even though it did not subpoena the witness. Conversely, there may be circumstances where a prosecutor has subpoenaed witnesses, yet cannot demonstrate "good cause" for their absence.

What constitutes "good cause" is not amenable to a bright-line rule. The justices' court must review the totality of the circumstances to determine whether "good cause" has been shown. This is not to say that the use of an available means to compel the attendance of a witness is not a significant factor in determining whether "good cause" has been shown. It is not, however, a dispositive factor; it merely goes to "the diligence used by the prosecutor to procure the witness' attendance." *Bustos* at 622, 491 P.2d at 1279.

We therefore overrule *Ormound's* holding that the Uniform Act must be utilized before a justices' court can find "good cause" for a continuance based on the absence of an out-of-state witness.[2] Instead, a justices' court must review the totality of the circumstances, including whether the Uniform Act was utilized, to determine whether the prosecutor has shown "good cause" for a continuance when a necessary out-of-state witness does not appear at a preliminary hearing.

---

[2]We do not take issue with *Ormound's* result because the prosecution had not demonstrated "good cause" for a continuance based on the absence of the Virginia witness. The mere mailing of a justices' court subpoena to the witness, combined with informing the witness that her testimony is necessary, was insufficient.

Accordingly, we reverse the order of the district court granting Terpstra's petition for a writ of habeas corpus because of the district court's apparent reliance on *Ormound*. We remand this matter to the district court for a determination of whether the facts of the instant case support the justices' court finding that the prosecution had demonstrated "good cause" for the continuance of Terpstra's preliminary hearing.