JOSEPH JOHN H., a/k/a JOEY E., a Minor, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 25410

May 22, 1997      939 P.2d 1056

*Morgan D. Harris,* Public Defender and *Sharon G. Dickenson,* Deputy Public Defender, Clark County, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Stewart L. Bell,* District Attorney and *James Tufteland,* Chief Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

### FACTS

On May 27, 1993, the state petitioned the district court to

adjudge the minor appellant a delinquent. The state mailed a subpoena to the victim fifteen days before the contested hearing, but the subpoena was never returned.[1] On the day of the hearing, apparently during the lunch hour, the prosecuting attorney called the victim's telephone number and learned that it was disconnected. The prosecutor then drove to the victim's last known address and learned that the victim had moved the prior weekend. The victim did not appear at the hearing, and the state orally moved for a continuance. Appellant objected to the continuance on the grounds that the subpoena had not been properly served and the state failed to file a written affidavit pursuant to Hill v. Sheriff, 85 Nev. 234, 452 P.2d 918 (1969). The juvenile referee granted the continuance because she found that the state had shown due diligence in attempting to locate the victim, particularly because the prosecutor had received the case from a vacationing prosecutor the day before the hearing.

The continued hearing was subsequently conducted, and the referee recommended a finding of guilt and a suspended commitment to the Spring Mountain Youth Camp. At the hearing, the victim testified that she received a subpoena in the mail two weeks before the first hearing. According to the victim, she called the state several times and indicated that she could not be present at the hearing, but was eventually told, "if [you do not] show up, then [you do not] show up." The district court subsequently entered a formal probation order adopting the referee's recommendations and adjudging appellant a delinquent.

## DISCUSSION

Prosecutors must be prepared to present their cases at the times scheduled or show good cause for their inability to do so. Bustos v. Sheriff, 87 Nev. 622, 624, 491 P.2d 1279, 1280 (1971). There is no presumption that good cause exists. Ex Parte Morris, 78 Nev. 123, 125, 369 P.2d 456, 457 (1962). We have previously indicated that "our criminal justice system can ill afford to bestow on prosecutors, or on defense counsel, largesse through continuances for which no cause is shown." McNair v. Sheriff, 89 Nev. 434, 436-37, 514 P.2d 1175, 1176 (1973).

A prosecutor seeking a continuance because of an absent witness can demonstrate good cause by submitting an affidavit

---

[1] A witness may accept delivery of a subpoena, in lieu of service, by a written or oral promise to appear. The recipient of the witness' promise to appear must then memorialize the promise in a specified manner. See NRS 174.315. In this case, the victim never promised she would appear at the hearing; to the contrary, she expressly informed the state she was unavailable on the scheduled date.

stating (1) the names of the absent witnesses and their present residences, if known; (2) the diligence used to procure their attendance; (3) a brief summary of the expected testimony of such witnesses and whether the same facts can be proven by other witnesses; (4) when the affiant first learned that the attendance of such witness could not be obtained; and (5) that the motion is made in good faith and not for delay. Hill v. Sheriff, 85 Nev. 234, 235-36, 452 P.2d 918, 919 (1969). A sworn oral affidavit is sufficient when the prosecutor is surprised by the absence of a subpoenaed witness and has no time to prepare a written affidavit. Bustos v. Sheriff, 87 Nev. 622, 491 P.2d 1279 (1971).

We recently concluded that the protections afforded in *Hill* extend to juvenile proceedings. Scott E., A Minor v. State, 113 Nev. 234, 931 P.2d 1370 (1997). In Sheriff v. Terpstra, 111 Nev. 860, 899 P.2d 548 (1995), we overruled, in part, Ormound v. Sheriff, 95 Nev. 173, 591 P.2d 258 (1979),[2] and stated:

> What constitutes "good cause" is not amenable to a bright-line rule. The justices' court must review the totality of the circumstances to determine whether "good cause" has been shown. This is not to say that the use of an available means to compel the attendance of a witness is not a significant factor in determining whether "good cause" has been shown. It is not, however, a dispositive factor; it merely goes to "the diligence used by the prosecutor to procure the witness' attendance."

*Terpstra,* 111 Nev. at 863, 899 P.2d at 550.

In this case we find it significant that the state failed to use proper legal means to compel the victim's attendance, and failed to use informal means of compulsion until immediately before the hearing was scheduled to begin. The state simply mailed a subpoena to the victim and expected her to be present. The state apparently disregarded or did not record the victim's telephone calls indicating she was not available for the scheduled hearing. The state never spoke with the victim about her testimony prior to the hearing, nor did the prosecutor even know if the victim received the subpoena. While not dispositive, these uncontradicted facts evince the state's "conscious indifference to rules of

---

[2]*Ormound* stood for the proposition that "[w]here a legal means of compelling the attendance of a witness is available, that method must be used before the good cause requirement . . . is met." *Ormound,* 95 Nev. at 175, 591 P.2d at 259. Although we overruled *Ormound* in part, we specifically noted that the continuance granted therein was improper because "[t]he mere mailing of a justices' court subpoena to the witness, combined with informing the witness that her testimony is necessary, was insufficient." *Terpstra,* 111 Nev. at 863 n.2, 899 P.2d at 551 n.2.

procedure affecting" appellant's rights as a juvenile defendant. *See* State v. Austin, 87 Nev. 81, 83, 482 P.2d 284, 285 (1971).

The facts of this case are dissimilar from those in Sheriff v. Simpson, 109 Nev. 430, 851 P.2d 428 (1993), where the state made substantial efforts to locate and serve a subpoena upon a necessary witness the day before the preliminary hearing. Moreover, the prosecutor in *Simpson* was informed that the witness would be present, and therefore, was genuinely surprised by her absence at the hearing. Thus, in *Simpson,* an oral affidavit pursuant to *Bustos* was sufficient to warrant a continuance. In this case, the state cannot rely upon its own lack of diligence to argue that it was surprised by the victim's absence and that there was insufficient time to prepare a written affidavit pursuant to *Hill.* We expressly reject the state's argument that *Hill* authorizes an oral affidavit even though a prosecutor is not surprised when an improperly subpoenaed witness fails to appear.

According to the victim's uncontradicted testimony, the state had actual notice she would not appear, yet it failed to prepare a *Hill* affidavit or take any other action until the day of the hearing. Accordingly, we conclude that under these circumstances, the district court erred in entering its order adjudicating appellant a delinquent. We therefore reverse the district court's order.

