An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JOSE A. FERNANDEZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 59893



FILED

MAY 14 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of conspiracy to commit murder and first-degree murder with the use of a deadly weapon. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

Appellant Jose Fernandez contends that the district court erred by denying his midtrial motion for a continuance. During Fernandez's case in chief, he informed the district court that he had a conversation with another inmate the night before who had shared a cell with the State's key eyewitness two years before trial. According to the inmate, the eyewitness claimed that he was the one who killed the victim by stabbing him numerous times. Fernandez's attorney asked for a brief continuance so that he could talk with the inmate and possibly present his testimony to the jury. Fernandez's attorney told the court that he did not need a full day and could probably be ready to proceed in several hours. The district court denied the continuance because Fernandez failed to notice the witness and it was too convenient that the alleged conversation took place on the night before the last day of trial. After denying the motion, the district court emphasized Fernandez's failure to notice the witness and his inability to admit the testimony during the last day of

13-14255

trial. Fernandez responded that he did not know to notice the witness because he just learned about the information. During jury deliberations Fernandez obtained a three-page signed statement from the inmate describing the eyewitness' confession in detail. After two days of deliberation, the jury returned a guilty verdict on all counts.

"This court reviews the district court's decision regarding a motion for continuance for an abuse of discretion." *Rose v. State*, 123 Nev. 194, 206, 163 P.3d 408, 416 (2007). "Each case turns on its own particular facts, and much weight is given to the reasons offered to the trial judge at the time the request for a continuance is made." *Higgs v. State*, 126 Nev. ___, ___, 222 P.3d 648, 653 (2010). "This court has held denials of motions for reasonable continuances to be an abuse of discretion where the purpose of the motion is to procure important witnesses and the delay is not the particular fault of counsel or the parties." *Lord v. State*, 107 Nev. 28, 42, 806 P.2d 548, 557 (1991), *limited on other grounds by Summers v. State*, 122 Nev. 1326, 1331, 148 P.3d 778, 782 (2006). "Where . . . the jury's determination of guilt or innocence heavily depends upon their assessment of the credibility of the defendant and [his accuser], testimony which corroborates one party and discredits the other is material and essential." *Banks v. State*, 101 Nev. 771, 774, 710 P.2d 723, 725 (1985).

The only reasons given by the district court for its denial of Fernandez's motion was the timing of the motion and Fernandez's failure to notice the witness before trial. Contrary to the district court's assertion, Fernandez's failure to notice the inmate as a witness did not preclude the court from admitting his testimony. NRS 174.234(3)(a) only requires the court to prohibit unnoticed witnesses from testifying where the party acted in bad faith. At the time the district court denied the

continuance there was no evidence of bad faith. While judicial economy is an important concern when considering a motion for a continuance, the court should also consider the benefit that the moving party anticipates and the likelihood that such a benefit will result. *See People v. Barnett*, 954 P.2d 384, 436 (Cal. 1998). Here, a potentially exculpatory witness was sitting in a cell less than a block away from the courtroom and the district court denied a brief continuance based on its unsupported belief that the defendant was misleading the court. Had the inmate testified in the manner proffered by Fernandez's attorney, such testimony would have supported Fernandez's claim that he did not kill the victim and undermined the testimony of the State's key eyewitness who himself had been charged with the murder before negotiating a plea agreement with the State in exchange for testifying against Fernandez. After considering the facts and circumstances of this case and the reasons given by the district court in denying the request for a brief continuance, we conclude that the district court abused its discretion by denying Fernandez's motion.

Furthermore, we cannot say that this error was harmless. *See* NRS 178.598; *Valdez v. State*, 124 Nev. 1172, 1189, 196 P.3d 465, 476 (2008) (explaining that this court will only reverse non-constitutional error if the error substantially affects the jury's verdict); *see also Banks*, 101 Nev. at 774, 710 P.2d at 725 (considering whether testimony was material to defense). While Fernandez admitted that he fought with the victim, he claimed that the State's eyewitness was the one who repeatedly stabbed the victim and slit his throat in the bathroom. This theory was supported by the gash on the eyewitness' hand, testimony that the eyewitness' DNA was found in the bathroom, and the eyewitness' attempt to flee the

country shortly after the murder. In light of the importance of the eyewitness' testimony and the relative strength of the corroborating evidence, we

ORDER the judgment of conviction REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[1]

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:    Hon. Douglas W. Herndon, District Judge
Law Offices of C. Conrad Claus
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[1]Because we reverse Fernandez's judgment of conviction and remand this matter for a new trial we need not address Fernandez's other claims of error.