An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

DAVID SOLOMON,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
MICHELLE LEAVITT, DISTRICT
JUDGE,
Respondents,
   and
THE STATE OF NEVADA,
Real Party in Interest.

No. 67283



FILED

MAY 18 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

### ORDER GRANTING PETITION

This is an original petition for a writ of mandamus challenging an order of the district court denying a pretrial petition for a writ of habeas corpus. Petitioner David Solomon asserts that the justice court acted arbitrarily and capriciously in granting the continuance of the preliminary hearing absent a sufficient showing of good cause in violation of *Hill v. Sheriff*, 85 Nev. 234, 452 P.2d 918 (1969), and requests that the district court dismiss the charges against him. *See* NRS 34.160; *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981).

Because a petition for an extraordinary writ is addressed to this court's sound discretion, *State ex rel. Dep't of Transp. v. Thompson*, 99 Nev. 358, 360, 662 P.2d 1338, 1339 (1983); *Poulos v. Eighth Judicial Dist. Court*, 98 Nev. 453, 455, 652 P.2d 1177, 1178 (1982), the threshold issue is whether we should exercise that discretion and consider the petition.

SUPREME COURT
OF
NEVADA

(O) 1947A

15-15227

Extraordinary relief may be appropriate where a tribunal, board, or officer has exceeded its jurisdiction or acted in an arbitrary or capricious manner, or such relief may be used to compel the performance of an act required by law. *See* NRS 34.160; *Newman*, 97 Nev. at 603-04, 637 P.2d at 536. This court will not entertain a petition when the petitioner has a plain, speedy, and adequate remedy at law. NRS 34.170. When exercising its discretion, this court may entertain petitions for extraordinary relief when judicial economy and sound judicial administration militate in favor of writ review. *See State v. Babayan*, 106 Nev. 155, 175, 787 P.2d 805, 819 (1990). Additionally, this court may exercise its discretion and entertain a writ petition when "an important issue of law requires clarification." *State v. Second Judicial Dist. Court (Epperson)*, 120 Nev. 254, 258, 89 P.3d 663, 665-66 (2004) (internal quotation marks omitted).

A preliminary hearing must be held within 15 days of arraignment unless the State demonstrates good cause for a continuance. NRS 171.196(2); *McNair v. Sheriff*, 89 Nev. 434, 436, 514 P.2d 1175, 1176 (1973). The good-cause showing can be satisfied by an affidavit that describes the names and locations of absent witnesses, the diligence used to secure witnesses' presence, a summary of the absent witnesses' expected testimony and if other witnesses can prove the same facts, when the prosecution first learned the witnesses would not appear, and a statement that continuance was sought in good faith and not for delay, *Hill*, 85 Nev. at 235-36, 452 P.2d at 919, or in certain time-sensitive circumstances, by presenting sworn testimony that complies with *Hill*, *Bustos v. Sheriff, Clark County*, 87 Nev. 622, 624, 491 P.2d 1279, 1280-81 (1971). *See also* DCR 14. The documents filed with the petition do not indicate that an affidavit was filed or sworn testimony offered prior to the

granting of the continuance, thus the justice court erred in granting the continuance. Solomon has a plain, speedy, and adequate remedy at law, by way of an appeal should he be convicted. NRS 177.015(3); NRS 177.045 ("Upon the appeal, any decision of the court in an intermediate order or proceeding, forming a part of the record, may be reviewed."); *see Scott E. v. State*, 113 Nev. 234, 239, 931 P.2d 1370, 1373-74 (1997) (vacating juvenile adjudication to correct district court failure to meet requirements of *Hill* in granting State's request for continuance). Nevertheless, judicial economy militates against compelling the parties to proceed to trial where a conviction would likely be vacated on appeal. Accordingly, we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to dismiss the information.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Michelle Leavitt, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk