**2016 UT App 186**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
GARY RAY GARNER,
Appellant.

Memorandum Decision
No. 20150228-CA
Filed September 1, 2016

Fifth District Court, St. George Department
The Honorable John J. Walton
No. 131501306

Gary W. Pendleton, Attorney for Appellant

Sean D. Reyes, Ryan D. Tenney, and Marian Decker,
Attorneys for Appellee

JUDGE GREGORY K. ORME authored this Memorandum Decision,
in which JUDGE STEPHEN L. ROTH concurred. JUDGE MICHELE M.
CHRISTIANSEN concurred in the result.

ORME, Judge:

¶1     Gary Ray Garner conditionally pled no-contest to three counts of trafficking methamphetamine, all second degree felonies. *See* Utah Code Ann. § 58-37-8(1)(a)(ii), (b)(i) (LexisNexis Supp. 2016). On appeal, he argues that the State should have given him the names of two confidential informants who provided written statements at his preliminary hearing—statements implicating Garner as having sold each of the informants methamphetamine. We affirm.

¶2     The facts of this case are relatively straightforward. On three separate occasions between late 2012 and early 2013, two confidential informants working with local police allegedly

purchased methamphetamine from Garner. On each occasion, the informants and their cars were searched before they met with Garner, and they turned over to police a quantity of methamphetamine after each interaction with him. Each informant also completed, in an officer's presence, a hand-written statement describing the particular drug transaction. The officer then signed the statement.

¶3     Garner was later charged with three counts of distributing methamphetamine. During a preliminary hearing, a police officer testified to having witnessed both informants prepare their written statements. The State then offered the anonymous statements as evidence in support of binding Garner over for trial. Garner objected in each instance, arguing that he had a right to know the names of the informants. The magistrate overruled the objections. Garner later filed a motion to the same effect, which motion was denied on the basis of the "government informer" privilege. After the motion was denied, Garner entered a conditional plea of no-contest to each of the charges, "reserving the right to appeal the court's ruling on the informer identification issue." Garner now appeals.

¶4     Under the Utah Constitution, there is no absolute right to discovery at the preliminary hearing stage. Utah Const. art. I, § 12. Instead, the right of "discovery is allowed as defined by statute or rule." *Id.* Rule 505 of the Utah Rules of Evidence regulates the government informer privilege, which privilege the State asserted in response to Garner's objections to the nondisclosure of the informants' names. The government informer privilege allows the State "to refuse to disclose the identity of an informer," Utah R. Evid. 505(b), unless "the informer *appears as a witness* for the government," *id.* R. 505(d)(2) (emphasis added). Garner insists that this exception was triggered when the State submitted the informants' statements during the preliminary hearing.

¶5    But the phrase "appears as a witness" is a much more precise concept than Garner envisions. It clearly connotes an informant being physically present in court to testify as a witness. Although there is little decisional guidance on what constitutes an "appear[ance] as a witness," *see* Utah R. Evid. 505(d)(2), what case law there is supports this definition, seeming to take for granted that, as a matter of plain meaning, it is the *physical*, *in-court* appearance of a person that is determinative, *see Commonwealth v. Chermansky*, 552 A.2d 1128, 1129 (Pa. Super. Ct. 1989) (describing an instance where the Commonwealth's witnesses failed to appear at a preliminary hearing and the case was dismissed on that basis). *Accord Sheriff of Clark County v. Terpstra*, 899 P.2d 548, 549 (Nev. 1995) (per curiam). The "appearance" in court of a person's written statement is simply not the same thing as the actual appearance of that person in court to "testify[] at the current trial or hearing." Utah R. Evid. 801(c)(1). Of course, if Garner had proceeded to trial instead of pleading no-contest once he was bound over, he would have had the opportunity to learn the informants' identities before they testified against him. Thus, "the issue is one of timing, not disclosure." *United States v. Tarango*, 760 F. Supp. 2d 1163, 1168 (D.N.M. 2009). *Accord Banks v. Dretke*, 540 U.S. 668, 698 (2004); *Roviaro v. United States*, 353 U.S. 53, 63–64 (1957). *But see McCray v. Illinois*, 386 U.S. 300, 312 (1967) (noting that "the Court in the exercise of its power to formulate evidentiary rules for federal criminal cases has consistently declined to hold that an informer's identity need always be disclosed in a federal criminal trial, let alone in a preliminary hearing").

¶6    According to the Utah Supreme Court, "The right to be confronted with the witnesses against [the defendant] does not automatically give a defendant the right to have disclosed to him by the prosecution the identity of a confidential informer." *State v. Collier*, 736 P.2d 231, 234 (Utah 1987) (per curiam). This is especially true following the amendment of Article I, section 12

of the Utah Constitution, which narrowed the scope and tightened the focus of preliminary hearings. As Garner acknowledges, "At one point in time, the constitutional right to a preliminary hearing included the right to a hearing" in which the constitutional right of confrontation applied. *See State v. Anderson*, 612 P.2d 778, 785–86 (Utah 1980). But as Garner further notes, the Utah Constitution has since been amended to "dispense[] with the right of confrontation at the preliminary hearing stage." *See State v. Timmerman*, 2009 UT 58, ¶ 14, 218 P.3d 590. This was not the nuanced shift that Garner goes on to suggest. In *Timmerman*, under the section heading "The Right to Confront Witnesses at a Preliminary Hearing No Longer Exists Because of the Amendment to Article 1, Section 12 of the Utah Constitution," our Supreme Court explained that "the plain language of the 1995 amendment to article I, section 12 of the Utah Constitution removed the constraints of Utah's Confrontation Clause from preliminary hearings." *Id.* ¶¶ 14–16. Thus, our state's constitution does not provide a right to learn the informants' identities that is more expansive than rule 505 establishes. It follows that Garner's appeal is unavailing and that his no-contest pleas stand.[1]

---

1. We have no occasion to consider Garner's challenge to the admissibility of the informants' statements under rule 1102 of the Utah Rules of Evidence because Garner does not challenge the reliability of those statements. Rather, while citing rule 1102, he postulates that a duty to disclose the identity of an informant must exist when a hearsay statement is admitted during a preliminary hearing as the lack of such knowledge deprives the defendant of "the context afforded by the disclosure of [the statement's] source." Garner's argument shoots far wide of the actual provisions of rule 1102, *see generally* Utah R. Evid. 1102 (permitting hearsay at preliminary hearings if reliability criteria are satisfied), and thus we do not consider the reliability of the informants' written statements under rule 1102.

¶7     Garner had no automatic right to disclosure of the names of the State's confidential informants at his preliminary hearing. Because the informants did not appear at the preliminary hearing, the exception to confidentiality provided by rule 505 does not apply.

¶8     Affirmed.

_____